**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 10-3135 (D.C. Nos. 5:09-CV-04126-RDR and 5:05-CR-40065-RDR-1) (D. Kan.) |
| TRACY M. SMITH, | |
| Defendant-Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HOLMES** and **McKAY**, Circuit Judges, and **PORFILIO**, Senior Circuit Judge.

Tracy M. Smith, appearing pro se, seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c) to appeal the district court's denial of a motion to vacate, set aside, or correct her sentence that she filed under 28 U.S.C. § 2255. Ms. Smith was convicted on seventeen counts related to a drug conspiracy and sentenced to 324 months' imprisonment. We affirmed her conviction and sentence on direct appeal. *See United States v. Smith*, 534 F.3d 1211 (10th Cir. 2008). In her § 2255 motion, she raised ten claims of ineffective assistance of counsel. The district court concluded that Ms. Smith was not entitled to relief on

any of her claims and denied the motion. The court also denied her motion for a COA.

We afford Ms. Smith's pro se filings a liberal construction. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Having carefully reviewed her COA application and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in denying the motion as to the issues she has numbered one through nine in her COA application. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, for substantially the same reasons stated by the district court in its order denying the § 2255 motion, we **DENY** Ms. Smith's application for a COA on issues one through nine and **DISMISS** this appeal.

In the tenth issue she raises in her COA application, Ms. Smith claims that the Supreme Court's decision in *Bloate v. United States*, 130 S. Ct. 1345 (2010), rendered some six weeks before the district court's order denying her § 2255 motion, casts doubt on whether her trial violated the Speedy Trial Act. She did not formally present a Speedy-Trial-Act claim to the district court. Instead, she alerted the district court to the pendency of *Bloate* in a footnote in her § 2255 motion. She now claims she did not become aware that the Supreme Court issued a decision in *Bloate* until five weeks after the district court's denial of her § 2255 motion. She therefore asks us to remand so that she can present this issue to the district court properly or, in the alternative, to issue a COA on this claim.

Because there is no matter to remand and no district court decision to review, we can neither remand nor issue a COA. If Ms. Smith wishes to bring this claim, she must seek authorization from this court to file a second or successive § 2255 motion and make the showing required by 28 U.S.C. § 2255(h).

Finally, because the district court granted Ms. Smith's request to proceed on appeal *in forma pauperis*, we **DENY AS MOOT** the motion to proceed IFP that she filed in this court.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk