Justice Thomas
delivered the opinion of the Court.
The Speedy Trial Act of 1974 (Speedy Trial Act or Act), 18 U. S. C. § 3161 et seq., requires that a criminal defendant’s trial commence within 70 days after he is charged or makes *199 an initial appearance, whichever is later, see § 3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, § 3162(a)(2). The Act, however, excludes from the 70-day period delays due to certain enumerated events. § 3161(h) (2006 ed. and Supp. II). As relevant here, “delay resulting from .. . proceedings concerning the defendant” is automatically excludable from a Speedy Trial Act calculation. § 3161(h)(1) (hereinafter subsection (h)(1)).[1] In addition, “delay resulting from a continuance” granted by the district court may be excluded if the district court makes the findings required by § 3161(h)(7) (2006 ed., Supp. II) (hereinafter subsection (h)(7)).
This case requires us to decide the narrow question whether time granted to a party to prepare pretrial motions is automatically excludable from the Act’s 70-day limit under subsection (h)(1), or whether such time may be excluded only if a court makes case-specific findings under subsection (h)(7). The Court of Appeals for the Eighth Circuit held that pretrial motion preparation time is automatically ex-cludable under subsection (h)(1). 534 F. 3d 893, 898 (2008).[2] We granted certiorari, 556 U. S. 1181 (2009), and now reverse.
*200 I
A
On August 2,2006, police officers surveilling an apartment building for drug activity saw petitioner and his girlfriend enter a car parked in front of the building and drive away. After observing petitioner commit several traffic violations, the officers stopped the vehicle. They approached the car and noticed two small bags of cocaine on petitioner’s lap. After the officers read petitioner his Miranda warnings, petitioner made inculpatory statements. See Miranda v. Arizona, 384 U. S. 436 (1966). Petitioner denied any association with the apartment building where the car had been parked, but his girlfriend admitted that she lived there and consented to a search of her residence. The officers who conducted the search uncovered several items that belonged to petitioner, including an identification card, cocaine, three firearms, ammunition, and a bulletproof vest. The police arrested petitioner the next day.
On August 24, a grand jury indicted petitioner for being a felon in possession of a firearm, in violation of 18 U. S. C. § 922(g)(1), and for knowing and intentional possession with intent to distribute more than five grams of cocaine, in violation of 21 U. S. C. § 841(a)(1). The August 24 indictment started the Speedy Trial Act’s 70-day clock. See 18 U. S. C. § 3161(c)(1). After petitioner’s arraignment on September 1, a Magistrate Judge entered a scheduling order requiring, inter alia, that the parties file pretrial motions by September 13.
On September 7, petitioner filed a motion to extend the deadline to file pretrial motions from September 13 to September 21. The Magistrate Judge granted the motion and extended the deadline by an extra four days beyond petitioner’s request, to September 25. On September 25, however, petitioner filed a "Waiver of Pretrial Motions” advising the court that he did not wish to file any pretrial motions.
*201 On October 4, the Magistrate Judge held a hearing to consider petitioner’s “waiver,” at which petitioner confirmed that he wished to waive his right to file pretrial motions. After a colloquy, the Magistrate Judge found that petitioner’s waiver was voluntary and intelligent.
Over the next three months, petitioner’s trial was delayed for several reasons. Though these delays are not directly relevant to the question presented here, we recount them to explain the full context in which that question arises. On November 8, petitioner moved to continue the trial date, stating that his counsel needed additional time to prepare for trial. The District Court granted the motion and reset the trial for December 18.
The parties then met informally and prepared a plea agreement, which they provided to the court. The District Court scheduled a change of plea hearing for December 20. At the hearing, however, petitioner declined to implement the agreement and requested a new attorney. The District Court rescheduled the trial for February 26, 2007, granted petitioner’s attorney’s subsequent motion to withdraw, and appointed new counsel.
On February 19, 2007 — 179 days after petitioner was indicted — petitioner moved to dismiss the indictment, claiming that the Act’s 70-day limit had elapsed. The District Court denied the motion. In calculating how many of the 179 days counted toward the 70-day limit, the District Judge excluded the period from September 7 through October 4 as “within the extension of time granted to file pretrial motions.” Order in No. 4:06CR518-SNL (ED Mo.), Doc. 44, p. 2.[3]
*202 In late February, a matter arose in an unrelated case on the District Court’s docket, which required the court to reschedule petitioner’s trial. After obtaining the consent of the parties and finding that a continuance would serve the public interest, the District Court continued petitioner’s trial from February 26 to March 5, 2007. Petitioner’s 2-day trial began on that date. The jury found petitioner guilty on both counts, and the District Court later sentenced him to concurrent 30-year terms of imprisonment.
B
Petitioner appealed his convictions and sentence to the Eighth Circuit, which affirmed the denial of his motion to dismiss for a Speedy Trial Act violation. As relevant, the Court of Appeals agreed with the District Court that the time from September 7 (the original deadline for filing pretrial motions) through October 4 (when the trial court held a hearing on petitioner’s decision to waive the right to file pretrial motions) was excludable from the Act’s 70-day limit. Although the District Court did not identify which provision of the Act supported this exclusion, the Court of Appeals held that “pretrial motion preparation time” is automatically excludable under subsection (h)(1) — which covers “delay resulting from other proceedings concerning the defendant”— as long as “the [district] court specifically grants time for that purpose.” 534 F. 3d, at 897.[4] In reaching this conclu *203 sion, the Eighth Cireuit joined seven other Courts of Appeals that interpret subsection (h)(1) the same way.[5] Two Courts of Appeals, the Fourth and Sixth Circuits, interpret subsection (h)(1) differently, holding that time for preparing pretrial motions is outside subsection (h)(l)’s scope.[6] We granted certiorari to resolve this conflict.
II
As noted, the Speedy Trial Act requires that a criminal defendant’s trial commence within 70 days of a defendant’s initial appearance or indictment, but excludes from the 70-day period days lost to certain types of delay. Section 3161(h) specifies the types of delays that are excludable from the calculation. Some of these delays are excludable only if the district court makes certain findings enumerated in the statute. See § 3161(h)(7). Other delays are automatically excludable, i. e., they may be excluded without district court findings. As relevant here, subsection (h)(1) requires the automatic exclusion of “[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to” periods of delay resulting from eight enumerated subcategories of proceedings.[7] The Government con *204 tends that the time the District Court granted petitioner to prepare his pretrial motions is automatically excludable under subsection (h)(1). We disagree, and conclude that such time may be excluded only when a district court enters appropriate findings under subsection (h)(7).
A
The eight subparagraphs in subsection (h)(1) address the automatic excludability of delay generated for certain enumerated purposes. Thus, we first consider whether the delay at issue in this case is governed by one of these sub-paragraphs. It is.
*205 The delay at issue was granted to allow petitioner sufficient time to file pretrial motions.[8] Subsection (h)(1)(D) (2006 edL, Supp. II) (hereinafter subparagraph (D)) renders automatically excludable “delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.” Read, as it must be, in the context of subsection (h), this text governs the automatic excludability of delays “resulting” from a specific category of “proceedings concerning the defendant,” namely, proceedings involving pretrial motions.[9] Because the delay at issue here results from a deei *206 sion granting time to prepare pretrial motions, if not from a pretrial motion itself (the defendant’s request for additional time), it is governed by subparagraph (D). But that does not make the delay at issue here automatically excludable.
Subparagraph (D) does not subject all pretrial motion-related delay to automatic exclusion. Instead, it renders automatically excludable only the delay that occurs “from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of” the motion. (Emphasis added.) In so doing, the provision communicates Congress' judgment that delay resulting from pretrial motions is automatically excludable, i. e., excludable without district court findings, only from the time a motion is filed through the hearing or disposition point specified in the subparagraph, and that other periods of pretrial motion-related delay are excludable only when accompanied by district court findings.[10]
This limitation is significant because Congress knew how to define the boundaries of an enumerated exclusion broadly when it so desired. Subsection (h)(1)(A) (2006 ed.) (hereinafter subparagraph (A)), for example, provides for the automatic exclusion of “delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.” (Emphasis added.) With the word “including,” Congress indicated that other competency-related proceedings besides “examinations” might fall within subparagraph (A)’s automatic exelu *207 sion. In subparagraph (D), by contrast, Congress declined to use an expansive or illustrative term such as “including,” and provided instead that only pretrial motion-related delay “from the filing” of a motion to the hearing or disposition point specified in the provision is automatically excludable from the Act’s 70-day limit.
Thus, although the period of delay the Government seeks to exclude in this case results from a proceeding governed by subparagraph (D), that period precedes the first day upon which Congress specified that such delay may be automatically excluded. The result is that the pretrial motion preparation time at issue in this case is not automatically excludable.[11]
B
The foregoing analysis resolves our inquiry into automatic excludability because “[a] specific provision” (here, subparagraph (D)) “controls one[s] of more general application” (here, subsections (h)(1) and (h)(7)). Gozlon-Peretz v. United States, 498 U. S. 395, 407 (1991). In arguing that this principle applies, but requires a result different from the one we reach, the dissent (like the Government and several Courts of Appeals) departs from the statute in a manner that underscores the propriety of our approach.
1
There is no question that subparagraph (D) is more specific than the “general” language in subsection (h)(1), post, at 218, 222, or that “[gjeneral language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment,” D. Ginsberg & Sons, Inc. v. Popkin, 285 U. S. *208 204, 208 (1932). We part company with the dissent because we conclude that subparagraph (D) governs the period of delay at issue in this case. The dissent does not object to this conclusion on the ground that it is foreclosed by the statute. See post, at 221 (asserting that the delay at issue in this case is “not necessarily” covered by subparagraph (D)). Instead, it joins the Government in asserting that the Act is amenable to another interpretation that would avoid the “strange result” that “petitioner may be entitled to dismissal of the charges against him because his attorney persuaded a Magistrate Judge to give the defense additional time to prepare pretrial motions and thus delayed the commencement of his trial.” Post, at 217. This argument takes aim at an exaggerated target. Because we conclude that the type of delay at issue here is excludable under subsection (h)(7), courts can in future cases easily avoid the result the dissent decries, a result that is not certain even in this case. See infra, at 214-215. And even if dismissal is ultimately required on remand, a desire to avoid this result does not justify reading subsection (h)(1) (and specifically its reference to “other proceedings concerning the defendant”) to permit automatic exclusion of delay resulting from virtually any decision to continue a deadline.
The dissent first argues that the delay in this case is automatically excludable under subsection (h)(1) because the provision's use of the phrase “including but not limited to” shows that subsection (h)(1) permits automatic exclusion of delays beyond those covered by its enumerated subparagraphs. See post, at 219; see also United States v. Oberoi, 547 F. 3d 436, 450 (CA2 2008). This argument confuses the illustrative nature of subsection (h)(l)’s list of categories of excludable delay (each of which is represented by a subparagraph) with the contents of the categories themselves. That the list of categories is illustrative rather than exhaustive in no way undermines our conclusion that a delay that falls within the category of delay addressed by subparagraph (D) is governed by the limits in that subparagraph. The “in- *209 eluding but not limited to” clause would affect our conclusion only if one read it to modify the contents of subparagraph (D) as well as the list itself. As noted, such a reading would violate settled principles of statutory construction because it would ignore the structure and grammar of subsection (h)(1), and in so doing render even the clearest of the sub-paragraphs indeterminate and virtually superfluous. See Gozlon-Peretz, supra, at 410; Duncan v. Walker, 533 U. S. 167, 174 (2001) (“[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant” (internal quotation marks omitted)). Our reading avoids these problems by treating the list as illustrative, but construing each of the eight subparagraphs in (h)(1) to govern, conclusively unless the subparagraph itself indicates otherwise, see, e. g., § 3161(h)(1)(A); supra, at 206-207, the automatic excludability of the delay resulting from the category of proceedings it addresses.
The dissent responds that, even if subparagraph (D)’s limits are conclusive rather than merely illustrative, we should automatically exclude the delay at issue here under subsection (h)(l)’s opening clause, see post, at 218, because it is not “clear” that the delay is governed by the more specific (and restrictive) language in subparagraph (D). Post, at 222. We decline this invitation to use the alleged uncertainty in subparagraph (D)’s scope as a justification for disregarding its limits and instead expanding, through liberal interpretation of subsection (h)(l)’s generic opening clause,[12] what the *210 dissent itself describes as the automatic exclusion “exception]” to the Act’s 70-day period and the Act’s “general rule” requiring “ends-of-justice findings for continuances.” Post, at 227.
On the dissent’s reading of subsection (h)(1), a court could extend by weeks or months, without any finding that the incursion on the Act’s timeliness guarantee is justified, the entire portion of a criminal proceeding for which the Act sets a default limit of 70 days. The problem with this reading is clear: It relies on an interpretation of subsection (h)(1) that admits of no principled, text-based limit on the definition of a “proceeding] concerning the defendant,” and thus threatens the Act’s manifest purpose of ensuring speedy trials by construing the Act’s automatic exclusion exceptions in a manner that could swallow the 70-day rule. This approach is not justified, much less compelled, by the textual ambiguities and legislative history upon which the dissent relies. Nor is it justified by the prospect, however appealing, of reaching a different result in this case. Hence our conclusion that the text and structure of subsection (h)(1) do not permit automatic exclusion of the delay at issue in this case.
2
Our conclusion is further supported by subsection (h)(l)’s context, particularly neighboring subsection (h)(7). Subsection (h)(7) provides that delays “resulting from a continuance granted by any judge” may be excluded, but only if the judge finds that “the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial” and records those findings. In setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time. See § 3161(h) (7)(B)(ii) (requiring a district court to consider whether the “unusual” or “complex” nature of a case makes it “unreasonable to ex *211 pect adequate preparation for pretrial proceedings or for the trial itself within the time limits” (emphasis added)); §3161(h)(7)(B)(iv) (requiring a district court to consider in other cases “[wjhether the failure to grant such a continuance ... would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence” (emphasis added)). Our determination that the delay at issue here is not automatically excludable gives full effect to subsection (h)(7), and respects its provisions for excluding certain types of delay only where a district court makes findings justifying the exclusion.[13] Cf. post, at 227 (construing subsection (h)(1) in a manner that could encompass, and govern, delays expressly within subsection (h)(7)’s purview).
3
Finally, our Speedy Trial Act precedents support our reading of subsection (h)(1). We recently explained that the Act serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice. We thus held that a defendant may not opt out of the Act even if he believes it would be in his interest; “[ajilowing prospective waivers would seriously undermine the Act because there are many cases ... in which the prosecution, the defense, and the court would all be happy to opt out of the Act, *212 to the detriment of the public interest.” Zedner v. United States, 547 U. S. 489, 502 (2006).[14]
Courts of Appeals that have read subsection (h)(1) to exclude automatically pretrial motion preparation time have reasoned that their interpretation is necessary to provide defendants adequate time to build their defense. See, e. g., United States v. Mobile Materials, Inc., 871 E 2d 902, 913 (per curiam), opinion supplemented on other grounds on rehearing, 881 F. 2d 866 (CA10 1989) (per curiam). Yet these same courts have recognized that reading subsection (h)(1) to exclude all time for preparing pretrial motions would undermine the guarantee of a speedy trial, and thus harm the public interest we have recognized in preserving that guarantee even where one or both parties to a proceeding would be willing to waive it. See Zedner, supra, at 502. To avoid a result so inconsistent with the statute’s purpose — i. e., “to avoid creating a big loophole in the statute,” United States v. Tibboel, 753 F. 2d 608, 610 (CA7 1985) — these courts have found it necessary to craft limitations on the automatic exclusion for pretrial motion preparation time that their interpretation of subsection (h)(1) otherwise would allow. See, e. g., ibid, (stating that pretrial motion preparation time may be automatically excluded under subsection (h)(1) only when “the judge has expressly granted a party time for that purpose” (emphasis added)); Oberoi, 547 F. 3d, at 450 (“This ... qualification prevents abuse. Without it, either party ‘could *213 delay trial indefinitely merely by working on pretrial motions right up to the eve of trial’ ”).
The fact that courts reading subsection (h)(1) to exclude preparation time have imposed extratextual limitations on excludability to avoid “creating a big loophole in the statute,” Tibboel, supra, at 610, underscores the extent to which their interpretation — and the dissent’s — strays from the Act’s text and purpose. As noted, subsection (h)(7) expressly accounts for the possibility that a district court would need to delay a trial to give the parties adequate preparation time. An exclusion under subsection (h)(7) is not automatic, however, and requires specific findings. Allowing district courts to exclude automatically such delays would redesign this statutory framework.
C
We also note that some of the Courts of Appeals that have interpreted subsection (h)(1) to exclude automatically pretrial motion preparation time have reasoned that a contrary reading of that provision would lay “a trap for trial judges” by forcing them to risk a Speedy Trial Act violation if they wish to grant a defendant’s request for additional time to prepare a pretrial motion, United States v. Wilson, 835 F. 2d 1440, 1444 (CADC 1987); see also Oberoi, supra, at 450.
We acknowledge that it would be unpalatable to interpret the Speedy Trial Act to “trap” district courts for accommodating a defendant’s request for additional time to prepare pretrial motions, particularly in a case like this. Petitioner instigated all of the pretrial delays except for the final continuance from February 26 to March 5. And the record clearly shows that the Magistrate Judge and the District Court diligently endeavored to accommodate petitioner’s requests — granting his motion for an extension of time to decide whether to file pretrial motions, his motion for a continuance, and his motion for a new attorney and for time to allow this new attorney to become familiar with the ease. Fortunately, we can abide by the limitations Congress im *214 posed on the statutory rights at issue here without interpreting the Act in a manner that would trap trial courts.
For the reasons we explained above, neither subparagraph (D) nor subsection (h)(1) automatically excludes time granted to prepare pretrial motions. This conclusion does not lay a “trap for trial judges” because it limits (in a way the statute requires) only automatic exclusions. In considering any request for delay, whether the exclusion of time will be automatic or not, trial judges always have to devote time to assessing whether the reasons for the delay are justified, given both the statutory and constitutional requirement of speedy trials. Placing these reasons in the record does not add an appreciable burden on these judges. Neither are district courts forced to choose between rejecting a defendant’s request for time to prepare pretrial motions and risking dismissal of the indictment if preparation time delays the trial. Instead, a district court may exclude preparation time under subsection (h)(7) if it grants a continuance for that purpose based on recorded findings “that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.” Subsection (h)(7) provides “[m]uch of the Act’s flexibility,” Zedner, 547 U. S., at 498, and gives district courts “discretion — within limits and subject to specific procedures — to accommodate limited delays for case-specific needs,” id., at 499. The statutory scheme thus ensures that district courts may grant necessary pretrial motion preparation time without risking dismissal.
Still, the Government suggests that, in some cases, a district court may fail to make the findings necessary for an exclusion under subsection (h)(7), leading to a windfall gain for a defendant who induces delay beyond the Act’s 70-day limit. Dismissal, however, need not represent a windfall. A district court may dismiss the charges without prejudice, thus allowing the Government to refile charges or reindict the defendant. 18 U. S. C. § 8162(a)(1). In ruling upon a motion to dismiss under the Act, a district court should con *215 sider, among other factors, the party responsible for the delay. See ibid. (“In determining whether to dismiss the case with or without prejudice, the [district] court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice” (emphasis added)); see also United States v. Taylor, 487 U. S. 326, 343 (1988) (“Seemingly ignored were the brevity of the delay and the consequential lack of prejudice to respondent, as well as respondent’s own illicit contribution to the delay”).
III
Based on this analysis, we hold that the 28-day period from September 7 through October 4, which includes the additional time granted by the District Court for pretrial motion preparation, is not automatically excludable under subsection (h)(1). The Court of Appeals did not address whether any portion of that time might have been otherwise excludable. Nor did the Government assert in its merits brief that another provision of the Act could support exclusion, presenting the argument that September 25 through October 4 could be excluded separately only in its brief in opposition to certiorari and during oral argument. We therefore do not consider whether any other exclusion would apply to all or part of the 28-day period. Instead, we reverse the judgment of the Court of Appeals for the Eighth Circuit and remand the case for further proceedings consistent with this opinion.

It is so ordered.

 The excludability of delay “resulting from ... proceedings” under subsection (h)(1) is “automatic” in the sense that a district court must exclude such delay from a Speedy Trial Act calculation without any further analysis as to whether the benefit of the delay outweighs its cost. For delays resulting from proceedings under subsection (h)(1), Congress already has determined that the benefit of such delay outweighs its cost to a speedy trial, regardless of the specifics of the case. The word “automatic” serves as a useful shorthand. See, e. g., United States v. Lucky, 569 F. 3d 101, 106 (CA2 2009) (“Some exclusions are automatic. Other exclusions require judicial action” (citation omitted)).

 After the Eighth Circuit issued its decision below, Congress passed the Judicial Administration and Technical Amendments Act of 2008,122 Stat. 4291, which made technical changes to the Speedy Trial Act, including the renumbering of several provisions. The amendments did not change the substance of any provision relevant here. Accordingly, in this opinion, including our discussions of the orders and decisions under review, we refer only to the current version of the Act.

 In addition, the District Judge excluded the continuance granted on November 9 (resetting the trial for December 18) under § 3161(h)(7)(A) (2006 ed., Supp. II), and excluded the time from November 9 through December 20 as delay resulting from a plea agreement under § 3161(h)(1)(G). He further excluded the time from December 20 through February 26 “as it. . . resulted from [petitioner’s] election not to implement a plea agreement, and his request to the court to have new counsel appointed for *202 him.” Order in No. 4:06CR518-SNL, Doc. 44, at 8. The judge stated on the record that these continuances were necessary to ensure that “the ends of justice could more properly be served” and “obviously outweighed the best interest of the public and the defendant to a Speedy Trial.” Ibid.

 In addition, the Court of Appeals affirmed the District Court’s order excluding the time from November 9 to, and including, December 18 and from December 20 to, and including, February 23 as delays resulting from continuances under §§3161(h)(7) and 3161(h)(7)(B)(iv), respectively. The Court of Appeals did not address whether to exclude December 19. Nor did it decide whether to exclude the delay from February 23 to March 5, *203 because even if those days were included, "only 58 days passed between [petitionerfs indictment and trial, fewer than the 70 allowed by the Speedy Trial Act.” 534 F. 3d, at 900.

 See United States v. Oberoi, 547 F. 3d 436, 448-451 (CA2 2008); 534 F. 3d 898, 897-898 (CA8 2008) (case below); United States v. Mejia, 82 F. 3d 1032, 1035-1036 (CA11 1996); United States v. Lewis, 980 F. 2d 555, 564 (CA9 1992); United States v. Mobile Materials, Inc., 871 F. 2d 902, 912-915 (per curiam), opinion supplemented on other grounds on rehearing, 881 F 2d 866 (CA10 1989) (per curiam); United States v. Wilson, 835 F. 2d 1440, 1444-1445 (CADC 1987); United States v. Tibboel, 753 F. 2d 608, 610 (CA7 1985); United States v. Jodoin, 672 F. 2d 232, 237-239 (CA1 1982).

 See United States v. Jarrell, 147 F. 3d 315, 317-318 (CA4 1998); United States v. Moran, 998 F. 2d 1368, 1370-1371 (CA6 1993).

 The full text of subsection (h)(1) reads as follows:
“(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in *204 computing the time within which the trial of any such offense must commence:
“(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
“(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
“(B) delay resulting from trial with respect to other charges against the defendant;
“(C) delay resulting from any interlocutory appeal;
“(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
“(E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
“(F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant’s arrival at the destination shall be presumed to be unreasonable;
“(G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and
“(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.”

 See Defendant’s Request for Additional Time To File Pre-trial Motions in No. 4:06CR518-SNL (TCM) (ED Mo.), Doc. 19; Order in No. 4:06CR518-SNL (ED Mo.), Doc. 44 (granting same).

 The dissent argues that this conclusion lacks “force” because “[i]t is at least doubtful . . . that the delay at issue in the present case is delay ‘resulting from [a] pretrial motion.’ ” Post, at 220 (opinion of Auto, J.). According to the dissent, “delay ‘resulting from’ a pretrial motion is delay that occurs as a consequence of such a motion,” which the “type of delay involved in the present case ... does not.” Post, at 221 (arguing that the delay in this case instead “occurs as a consequence of the court’s granting of a defense request for an extension of time”).
The dissent’s position, which rests upon a dictionary definition of two isolated words, does not account for the governing statutory context. For the reasons we explain, the text and structure of subsection (h) support our conclusion that subparagraph (D) governs the automatic excludability of delays “resulting from” proceedings involving pretrial motions. As the dissent concedes, defining “resulting from” to mean “as a consequence of” does not foreclose our interpretation. That is because the dissent’s definition of “resulting from” leaves ample room to conclude that the delay at issue here is “a consequence of” the category of proceedings covered by subparagraph (D), whether one views the delay “as a consequence of” a proceeding involving pretrial motions, or “as a consequence of” a pretrial motion itself (the defense request for additional time). At bottom, the dissent’s position is not that our interpretation is foreclosed by the Act; it is that the dissent’s interpretation is preferable. We disagree because the dissent’s interpretation, among other things, fails to account fully for the text and structure of subsection (h)(1) and renders much of subsection (h)(7) a nullity.

 This conclusion flows not only from subparagraph (D)’s text, but also from its structure. As noted, subparagraph CD) excludes from the 70-day period “delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.” In this case, the comma after the first phrase indicates that the second phrase modifies the scope of excludable delay referred to in the first. Thus, subparagraph (D)’s automatic exclusion for delay “resulting from” a pretrial motion is limited to delay that occurs from the filing of the motion through the endpoints identified in the provision.

 Whether the defendant actually files a pretrial motion for which he requests additional time is irrelevant to this analysis. Even if he files such a motion, that filing may not be used to bootstrap into the period of automatically excludable delay pre-filing preparation time that subparagraph (D) does not render automatically excludable.

 The dissent argues that the relevant “proceeding” in this case is the District Court’s disposition of petitioner’s motion for additional time to file pretrial motions. See post, at 218. If that were correct, any order disposing of a motion — including a pretrial motion under subparagraph (D) — would be a separate “proceeding,” and any resulting delay would be automatically excludable. The dissent’s reading renders superfluous the two provisions in subsection (h)(7) that require findings for the exclusion of time necessary for “adequate preparation for pretrial proceedings,” §3161(h)(7)(B)(ii), and “effective preparation,” §3161(h)(7)(B)(iv). See also infra, at 211.

 Had Congress wished courts to exdude pretrial motion preparation time automatically, it could have said so. As noted, subsection (h)(7) twice refers to preparation time to explain the kinds of continuances that a court may grant in the interests of justice. See §§ 3161(h)(7)(B)(ii), (h)(7)(B)(iv). Congress easily could have referred to preparation time similarly in subsection (h)(1). See, e. g., Speedy Trial Act Amendments Act of 1979, H. R. 3630, 96th Cong., 1st Sess., § 5(c) (1979) (proposing to exclude under sub-paragraph (D) all “delay resulting from the preparation and service of pretrial motions and responses and from hearings thereon” (emphasis added)). Congress did not do so, and we are bound to enforce only the language that Congress and the President enacted.

 Our interpretation of the Act accords with this and other precedents in a way the dissent’s interpretation does not. In Henderson v. United States, 476 U. S. 321, 322 (1986), for example, we carefully examined the text of § 3161(h)(1)(F) (now codified as subparagraph (D)) to determine whether certain periods of pretrial motion-related delay were automatically excludable. Such careful parsing would seem unnecessary were the dissent right that subparagraph (D) does not conclusively define the maximum period of excludable delay for the category of pretrial motion-related proceedings and that such delay may simply be excluded under subsection (h)(1).