Justice Scalia,
with whom The Chief Justice and Justice Thomas join, concurring in part and concurring in the judgment.
I join Parts I and III of the Court’s opinion. I agree with the judgment of the Court in Part II that a pretrial motion need not actually postpone a trial, or create an expectation of postponement, in order for its pendency to be excluded under the Speedy Trial Act of 1974,18 U. S. C. § 3161(h)(1)(D) (2006 ed., Supp. III). But I think that conclusion is entirely clear from the text of the Speedy Trial Act, and see no need to look beyond the text. The clarity of the text is doubtless why, as the Court’s opinion points out, ante, at 656-657, every Circuit disagrees with the Sixth Circuit’s conclusion. That is the direction in which the causality proceeds: Clarity of text produces unanimity of Circuits — not, as the Court’s opinion would have it, unanimity of Circuits clarifies text.
As the Court discusses, ante, at 653-654, the word “delay” can mean postponement, but it can also mean an “interval of *664 time between two events.” American Heritage Dictionary 480 (4th ed. 2000). One might refer to the “delay” between two ticks of a clock, or between seeing lightning and hearing thunder, but that does not imply that the first postponed or slowed the second. Here there are substantial textual indications that the word “delay” similarly refers to the period between ticks of the speedy trial clock — in other words, the period during which the Speedy Trial Act’s 70-day requirement is tolled.
Interpreting the “delay” referred to in § 3161(h)(1)(D) (or referred to anywhere else in § 3161(h)) as the delay of a trial date* would make little sense in light of the context of the provision and the structure of the statute. Section 3161(h)(1)(D) specifies starting and stopping points for the excludable “delay” that bear no relation whatsoever to the actual amount of time that a trial might be postponed by a pretrial motion. It equates the “delay resulting from any pretrial motion” to the period of time between “the filing of the motion” and “the conclusion of the hearing on, or other prompt disposition of, such motion.” This equation is possible if “delay” refers to an interval of time excludable for purposes of the Speedy Trial Act, but it makes no sense if “delay” refers to the time a trial is postponed. Consider, for example, a pretrial motion that is pending for 10 days but causes the district court to push back a trial’s beginning by only one day. In such a situation, § 3161(h)(1)(D) would require that the entire 10-day period be excluded for Speedy Trial Act purposes.
Neighboring statutory provisions, moreover, link the ex-cludable “delay” to the time consumed by the specified event, not the number of days a trial is postponed. Section *665 3161(h)(1)(H), for example, excludes “delay reasonably attributable to any period, not to exceed thirty days, during whieh any proceeding concerning the defendant is actually under advisement by the court.” And § 3161(h)(1)(F) excludes “delay resulting from transportation . . . except that any time consumed in excess of ten days from ... an order directing such transportation, and the defendant’s arrival at the destination shall be presumed to be unreasonable.” If “delay” means trial delay, it makes little sense for Congress to have placed a limit upon the “time consumed” in transporting a defendant rather than upon the permissible postponement of trial date.
The Speedy Trial Act’s structure also suggests that § 3161(h)(1)(D) is meant to apply automatically and is not dependent on predicate findings of postponement. Section 3161(h) lists various types of delay that may be excluded, the first six of which (including § 3161(h)(1)(D)) make no reference to any required findings. But the seventh, which excludes “delay resulting from a continuance granted by any judge,” conditions that exclusion upon certain findings, § 3161(h)(7)(A). In light of this difference in formulation, we have held that the first six exclusions are “ ‘automatic,’ ” apply “regardless of the specifics of the case,” and require no district-court findings. Bloate v. United States, 559 U. S. 196, 199, n. 1, 203 (2010); see also Henderson v. United States, 476 U. S. 321, 327 (1986). Tinklenberg’s incorporation of a threshold inquiry into § 3161(h)(1)(D) would make it none of these things.
Delay of trial is also ruled out by the fact that the text is forward looking. It says that the “following periods of delay shall be excluded in computing . . . the time within which the trial . . . must commence.” § 3161(h) (emphasis added). This is designed to enable the determination in advance of the date by which the trial “must commence.” Quite obviously, if the specified delays did not count unless and until they delayed the trial, one could not know whether *666 they counted until after the fact. And on that interpretation the provision should have read, not “the time within which the trial . . . must commence,” but rather “the time within which the trial. . . should have commenced.”
And finally, there are the administrative difficulties that arise when “delay” is taken to mean “delay in trial,” discussed in the Court’s opinion, ante, at 657-658. These are not relevant on their own, but only because they bear upon the meaning of the text. When one of two possible meanings yields impracticable results, the other meaning is more likely correct.
Tinklenberg would invent a threshold inquiry applicable only to § 3161(h)(1)(D): If, he says, at least some delay of the trial date has occurred, then the entire period specified in § 3161(h)(1)(D) may be excluded. This makes no sense. First, nothing in the statute supports treating the word “delay” as a trigger for an exclusion of an unrelated period of time; quite the opposite, § 3161(h)(1)(D) treats the period of “delay” and the pendency of the pretrial motion equivalently. Second, that interpretation would ascribe different meanings to the word “delay” as it is used throughout the Speedy Trial Act. “[DJelay resulting from any interlocutory appeal,” § 3161(h)(1)(C), for example, would refer to the number of days a trial was postponed; but “delay resulting from any pretrial motion,” § 3161(h)(1)(D), would refer to the different period specified in that paragraph. Identical words used in different parts of a statute are presumed to have the same meaning absent indication to the contrary, and here no such indication exists. See IBP, Inc. v. Alvarez, 546 U. S. 21, 34 (2005).
Tinklenberg also argues that his interpretation draws support from the phrase “resulting from,” which appears after the word “delay” in § 3161(h)(1)(D). He asserts that this phrase “underscores that Subsection (D) excludes periods of delay that occur as a consequence of pretrial motions, not merely the time during which such motions are pending.” *667 Brief for Respondent 17. That is true enough, but it sheds no light on the meaning of the word “delay.” Cf. Bloate, supra, at 205, n. 9. There is nothing odd in saying that an interval of excludable time under § 3161(h)(1)(D) arises “as a consequence” of a party’s having filed a pretrial motion; if no pretrial motion is filed, no delay results.

 I consider only this possibility, and not the extended meaning invented by the Sixth Circuit (“expectation of a dela[y] of trial”) — presumably to explain how delay can be computed ex ante, before any trial delay has actually occurred. See 579 P. 3d 589, 598 (2009). “[EJxpectation of a delay” is simply not one of the possible meanings of “delay.”