**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50283 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00135-CBM-2 |
| v. | |
| TORREY MITCHELL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Submitted December 7, 2012**
Pasadena, California

Before:  IKUTA and NGUYEN, Circuit Judges, and BURNS, District Judge.***

Mitchell appeals the district court's reimposition of supervised release.  We

affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

The district court did not plainly err in considering the need for restitution when reimposing Mitchell's term of supervised release; rather, the court is required to consider such a need pursuant to 18 U.S.C. §§ 3583(c) and 3553(a)(7). The general rule that district courts may not consider "just punishment" when revoking and reimposing supervised release, *see* 18 U.S.C. § 3553(a)(2)(A), does not override the more specific obligation imposed by § 3553(a)(7) to consider the need to provide restitution. *See Bloate v. United States*, 130 S. Ct. 1345, 1354 (2010).

Nor was the court's imposition of a term of supervised release substantively unreasonable, in light of the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). In addition to considering the need for restitution, the district court considered Mitchell's rehabilitative needs and imposed a sentence that furthered Congress's goal to help Mitchell make "a desirable transition back into the community." *United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003). The result was a sentence that was "sufficient, but not greater than necessary" to accomplish the relevant statutory purposes. *Carty*, 520 F.3d at 991 (internal quotation marks omitted).

**AFFIRMED.**