NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2761
_____

UNITED STATES OF AMERICA
v.
FRANKLIN THOMPSON,
a/k/a ROCK
a/k/a HARD ROCK,

Franklin Thompson,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:07-cr-00303-002)
District Judge: Hon. Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2013

BEFORE: McKEE, *Chief Judge*, and AMBRO and NYGAARD, *Circuit Judges*.

(Opinion Filed: July 29, 2013)

_____

OPINION OF THE COURT
_____

McKEE, *Chief Judge*.

Franklin Thompson appeals the District Court's denial of his motion to dismiss the

indictment against him. Thompson argues that undue delay in bringing his case to trial

1

violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), and the Sixth Amendment. For the reasons that follow, we will affirm the District Court's judgment.[1]

## I.

As we write only for the parties who are familiar with the facts and procedural history of this case, we set forth only those facts relevant to our conclusion.

Thompson argues that the District Court granted an unreasonable number of extensions of time to file pretrial motions, resulting in undue delay in bringing his case to trial in violation of the Speedy Trial Act. He focuses on the District Court's grant of five extensions requested by Mark Lancaster, Thompson's second attorney.

The Speedy Trial Act provides that if "a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever occurs last." 18 U.S.C. § 3161(c)(1). Despite the time limits that the Act places on commencing trial, it also recognizes that criminal cases vary in complexity and there may be valid reasons for delay. Accordingly, "the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 1291 and 28 U.S.C. § 3742(a). "We exercise plenary review over the District Court's application of the Speedy Trial Act," *United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006), and its interpretation of the Sixth Amendment right to a speedy trial, *Douglas v. Cathel*, 456 F.3d 403, 417 (3d Cir. 2006).

The Supreme Court has held that time granted to a party to prepare pretrial motions is not automatically excludable from the Act's seventy day limit under 18 U.S.C. § 3161(h)(1). *Bloate v. United States*, 559 U.S. 196, 203-04 (2010). However, such time may be excluded if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *Bloate*, 559 U.S. at 204.

Here, as Thompson concedes, the District Court's orders granting his requests for an extension of time were accompanied by the requisite "ends of justice" finding. Given the circumstances of the case, including its complexity, the voluminous records, the number of defendants, the time needed to prepare a Pre-Plea Investigation Report, and on-going plea negotiations, the District Court appropriately determined that the ends of justice served by granting each extension outweighed the interests of the defendant and the public in a speedy trial.

Nevertheless, Thompson attempts to make much of the fact that despite all the extensions, Attorney Lancaster ultimately adopted the initial set of pretrial motions filed by Thompson's first attorney. However, Lancaster requested extensions of time because he was engaged in plea negotiations and/or awaiting a Pre-Plea Investigation Report from the Probation Office in order to conduct informed negotiations. Moreover, the issue of Thompson's status as a career offender was a legitimate and quite understandable concern to the defense. Indeed, under the plea agreement, the parties agreed, to Thompson's benefit, that a departure from the career offender classification guideline was warranted. Contrary to what Thompson suggests, the fact that Lancaster ultimately

3

adopted the first attorney's pretrial motions does not necessarily establish that the extensions of time were unreasonable.[2]

Thus, although the delay here was considerable, it was not in violation of the Speedy Trial Act.

## II.

Thompson also argues that the delay in bringing him to trial violated his Sixth Amendment right to a speedy trial. In evaluating whether there has been a violation of the Sixth Amendment right to a speedy trial, we consider and weigh the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): the "'[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" *Burkett v. Cunningham*, 826 F.2d 1208, 1219 (3d Cir. 1987) (quoting *Barker*, 407 U.S. at 530).

Here, the District Court weighed the length of the delay in Thompson's favor and also found that Thompson had asserted his right to a speedy trial. However, the court determined that the reasons for the delay did not count against the government because

---

[2] Further, each of the contested extensions of time took place after Dwayne Thompson filed his pretrial motion to dismiss the indictment on January 13, 2009 and before the resolution of that motion at the pretrial motions hearing on September 8-9, 2010. This entire time period is excludable as to both Dwayne Thompson, *see* 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); *Henderson v. United States*, 476 U.S. 321, 330 (1986) ("Congress intended . . . to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'"); and Thompson as a codefendant, *see United States v. Novak*, 715 F.2d 810, 814 (3d Cir. 1983) (holding that, pursuant to 18 U.S.C. § 3161(h)(7), "an exclusion applicable to one defendant applies to all codefendants . . . subject to a reasonableness limitation") (internal quotation marks and citations omitted), *abrogated on other grounds by United States v. Felton*, 811 F.2d 190, 200 (3d Cir. 1987).

4

the government did not instigate any of the delays. The court also found that there was no evidence that Thompson was prejudiced by the delay. The court thus concluded that the long delay was not unwarranted given the number of Defendants and complexity of the case. For substantially the same reasons given by the District Court, we conclude that there has been no Sixth Amendment speedy trial violation.

## III.

For the reasons we have explained, we will affirm the judgment of the District Court.