[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12060

_____

D.C. Docket No. 2:15-cv-00205-CG-M

SECRETARY, U.S. DEPARTMENT OF LABOR,

Plaintiff - Appellee,

versus

LEAR CORPORATION EEDS AND INTERIORS, et al.,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 13, 2016)

Before WILSON and MARTIN, Circuit Judges, and RODGERS,[*] District Judge.

PER CURIAM:

This interlocutory appeal arises from the district court's grant of a preliminary injunction to the Secretary of the Department of Labor (the Secretary), in an action against Lear Corporation and its subsidiary, Renosol Seating, LLC (collectively, Lear). After Lear sued a former employee in state court for defamation and intentional interference with business relations, the Secretary moved for injunctive relief under the whistleblower protection provisions of the Occupational Safety and Health Act (OSH Act), 29 U.S.C. § 660(c). The Secretary alleged that Lear was unlawfully discriminating against current and former employees in retaliation for raising concerns about health and safety conditions at Lear's manufacturing plant. The district court granted the injunction and enjoined Lear from, *inter alia*, suing any current or former employee.

On appeal, Lear challenges the district court's jurisdiction to grant the injunction as well as the merits and terms of the injunction. We hold that the district court had jurisdiction to consider the Secretary's request for injunctive relief. However, the district court erred by enjoining Lear from pursuing litigation without finding that such litigation was either baseless or preempted. Accordingly, we reverse the district court's order and vacate the injunction.

---

[*] Honorable Margaret Catharine Rodgers, United States District Chief Judge for the Northern District of Florida, sitting by designation.

## I.

We turn first to whether the district court had jurisdiction to enter the preliminary injunction. We review de novo the district court's determination that it had jurisdiction to order a preliminary injunction. *See Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir. 1992). "Since federal courts are courts of limited jurisdiction, the court below could hear the case only if authorized by statute." *Bell v. New Jersey*, 461 U.S. 773, 777, 103 S. Ct. 2187, 2190 (1983). The district court's jurisdiction here is premised on § 11(c) of the OSH Act, codified at 29 U.S.C. § 660(c). This provision provides:

(1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

(2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

29 U.S.C. § 660(c)(1)–(2).

Looking to this statutory text, Lear contends that the Secretary is not authorized to seek injunctive relief, and for this reason, the district court lacked jurisdiction.  We disagree.

The Act provides: "In any such action the United States district courts shall have jurisdiction, for cause shown to *restrain* violations of [§ 660(c)(1)] and order *all appropriate relief* including rehiring or reinstatement of the employee to his former position with back pay."  29 U.S.C. § 660(c)(2) (emphases added).  A plain reading of this text supports the district court's jurisdiction to enter a preliminary injunction because both "restrain" and "order all appropriate relief" may be read to authorize injunctive relief.  *Cf. Sch. Comm. of Town of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369–70, 105 S. Ct. 1996, 2002–03 (1985) (language permitting the court to "grant such relief as it determines is appropriate" authorized injunction under the Education of the Handicapped Act (internal quotation marks omitted and alteration adopted)).  Further, Congress' use of the word "including" indicates that rehiring and reinstatement are not the exclusive remedies for a violation, but rather two examples of permitted relief.  *See Bloate v. United States*, 559 U.S. 196, 206–07, 130 S. Ct. 1345, 1353 (2010) (noting that the term "including" is an "expansive or illustrative term").  Thus, we conclude that § 11(c)

4

of the OSH Act confers authority to the Secretary to seek injunctive relief, and we do not find jurisdiction lacking on that basis.[1]

Having concluded that the Secretary may seek injunctive relief, the next question is *when* the Secretary may do so.  Lear argues that the Secretary cannot file a § 11(c) action before reaching a "determination," and, here, there was no determination because the Secretary's investigation was ongoing.

The Act authorizes the Secretary to bring an action in federal district court when he "determines that the provisions of this subsection have been violated," after "such investigation . . . as he deems appropriate."  29 U.S.C. § 660(c)(2). Here, the Secretary brought an action in district court after he determined Lear was "retaliating against employees through meritless litigation, intimidation, threats, suspensions and termination."  He requested injunctive relief based on his belief that Lear "must immediately be prevented from continuing such unlawful conduct."  The Secretary explicitly found that Lear's "intimidation, termination, suspension, and harassment of employees . . . clearly constitute unlawful retaliation designed to chill cooperation with the government and undermine the Secretary's ability to enforce the Act."  And the Secretary contended that "[s]uch actions have

---

[1] In support of its claim that there is no jurisdiction for injunctive relief, Lear cites *Marshall v. Gibson's Products, Inc.*, an opinion from the old Fifth Circuit.  *See* 584 F.2d 668 (5th Cir. 1978).  However, that case dealt with a different section of the OSH Act, § 8 (investigation of plant facilities), referring to § 11(c) only in dicta.  *See id.* at 674–75.  Thus, *Marshall* is not controlling as to § 11(c).  And, if anything, the case cuts the other way, as *Marshall*'s dicta seems to opine that injunctive relief *would* be appropriate under § 11(c)(2).  *See id.* at 673–74; *Marshall v. Shellcast Corp.*, 592 F.2d 1369, 1372 & n.6 (5th Cir. 1979).

especially hampered the Secretary's ability to determine the full scope of [Lear's] violations of the OSH Act."

We can reasonably conclude from the above-referenced language that the Secretary investigated to the extent he deemed appropriate and determined some unlawful retaliation against employees had already occurred. Although the Secretary also referred to the investigation as ongoing, the Act does not require that the Secretary complete his investigation before determining that a retaliation violation occurred; instead, the extent of the investigation is entirely discretionary. The Secretary only has a duty to investigate a complaint to the extent he "deems appropriate," which leaves to the Secretary the decision of how much investigation to conduct upon receipt of a retaliation complaint. *See* 29 U.S.C. § 660(2); *see also Wood v. Dep't of Labor*, 275 F.3d 107, 111 (D.C. Cir. 2001) (noting that "[§] 11(c)(2) designates the Secretary as the official who decides whether and to what extent an investigation is 'appropriate'"); *Taylor v. Brighton Corp.*, 616 F.2d 256, 262 (6th Cir. 1980) (observing that Congress "deliberately interposed the Secretary's investigation as a screening mechanism between complaining employees and the district courts"). Here, the Secretary plainly investigated as he deemed appropriate and, upon that investigation, determined that the Act was being violated by Lear's "retaliat[ion] against employees through meritless litigation, intimidation, threats, suspensions and termination." On the basis of this

6

determination, the Secretary then (1) sought to continue investigating in order to determine the *extent* (that is, the "full scope") of the violations committed, and (2) determined that the unlawful retaliation was having a chilling effect on his investigation, rendering injunctive relief necessary.

In sum, the Secretary determined Lear was violating the Act's anti-retaliation provisions and that injunctive relief would be necessary to complete the investigation and determine the extensiveness of these violations. The Act does not require more.[2] Therefore, the Secretary had authority to request injunctive relief, and the district court had jurisdiction to consider the Secretary's request.

## II.

We must now consider whether the district court's entry of the injunction was proper in this case. We ordinarily review the grant of a preliminary injunction for abuse of discretion; but, if the district court misapplies the law, "we accord no deference to the district court's determinations in granting the preliminary

---

[2] To the extent that the Act requires a violation determination, we find that the Secretary did, in fact, make such determination in this case. However, we are not convinced that the language permitting the Secretary to file once he "determines that the provisions of this subsection have been violated" is a substantial threshold hurdle to filing suit. The legislative history makes clear that the term "determines" was intended to give the power to the Secretary to "screen out" frivolous suits, so that the Secretary would only have to pursue claims that have actual merit. *See Taylor*, 616 F.2d at 261–62 (considering the legislative history and finding no private cause of action to pursue an OSH Act retaliatory discharge). Given that this is simply intended to confer discretion to the Secretary, it may not impose a significant requirement as to the Secretary's ability to file in district court; instead, it is arguable that by virtue of having filed suit, the Secretary has shown he has made sufficient determination that this is a claim worth pursuing.

injunction." *Cuban Am. Bar Ass'n v. Christopher*, 43 F.3d 1412, 1423–24 (11th Cir. 1995).

The Supreme Court has identified the prerequisites for enjoining lawsuits in this context. "The filing and prosecution of a well-founded lawsuit may not be enjoined as an unfair labor practice, even if it would not have been commenced but for the plaintiff's desire to retaliate against the defendant for exercising rights protected by the Act." *Bill Johnson's Rest., Inc. v. NLRB*, 461 U.S. 731, 743, 103 S. Ct. 2161, 2170 (1983). Hence, "[r]etaliatory motive and lack of reasonable basis are both essential prerequisites" before the court may enjoin litigation. *See id.* at 748–49, 103 S. Ct. at 2173. Alternatively, the district court could perform a preemption analysis and find that the litigation is preempted. *See id.* at 737 n.5, 103 S. Ct. at 2167 n.5; *Can-Am Plumbing, Inc. v. NLRB*, 321 F.3d 145, 151 (D.C. Cir. 2003) (noting that the baselessness finding in *Bill Johnson's* is only required for suits that are not preempted). In the absence of these necessary findings, the court lacks authority to enter such an injunction.

Here, the district court erred by enjoining Lear from bringing suit against any current or former employee based on potential for retaliation alone. It did not address whether Lear's ongoing state court suit was baseless and instead focused its analysis and terms only on retaliation. Nor did it conduct a preemption analysis. This does not suffice. Absent an additional finding of baselessness or a

8

determination that the state court actions are preempted, it was improper to preclude Lear from pursuing litigation against current or former employees.[3] *See Bill Johnson's Rest., Inc*, 461 U.S. at 743, 103 S. Ct. at 2170. Enjoining a party from pursuing an action in state court is the same as enjoining the state court. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1027 n.28 (11th Cir. 2006). Having failed to make the necessary findings, the district court lacked authority to issue an injunction broadly restraining the state court from litigating Lear's disputes. *Cf. Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1531 (11th Cir. 1994). Thus, we cannot uphold this injunction.

## III.

We conclude that the district court had jurisdiction to consider the Secretary's request for an injunction. However, the district court should not have enjoined Lear from pursuing litigation without finding that the suit was both baseless and retaliatory, or determining that the state court action was preempted. Having determined that the terms of the injunction are improper, we decline to rewrite the injunction on the district court's behalf. We vacate on this basis alone

---

[3] While it is not immediately clear whether the court's terms apply to Lear's *current* state court suit, the injunction (a) was sought by the Secretary and entered by the district court immediately after Lear filed its action in state court and (b) certainly applies to any future court actions Lear may wish to bring. Even if we were to construe the district court's injunction as only applying to prospective, retaliatory state court suits, we are not convinced that such an interpretation would save the over-broad terms of the injunction. If Lear sought to bring a future action in state court, it would be enjoined regardless of whether that suit was both baseless and retaliatory, which flies in the face of the rule announced by the Court in *Bill Johnson's*.

9

and remand to the district court for further proceedings consistent with this

opinion.  The district court's order imposing the injunction is hereby

**VACATED and REMANDED.**