15-4131-bk
In re: Sterling United, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

-----------------------------------------------------------------------
IN THE MATTER OF: STERLING UNITED, INC.
*Debtor*.
-----------------------------------------------------------------------
JOHN H. RING, III, Trustee of the Chapter 7 Bankruptcy
Estate of STERLING UNITED, INC.,
*Plaintiff-Appellant*,

v.                                              No. 15-4131-bk

FIRST NIAGARA BANK, N.A.,
*Defendant-Appellee*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        ARTHUR G. BAUMEISTER, JR., Amigone, Sanchez & Mattrey, LLP, Buffalo, New York.

APPEARING FOR APPELLEE:         GARRY M. GRABER, Hodgson Russ LLP, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*; Michael J. Kaplan, *Bankruptcy Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff John H. Ring, III, the Chapter 7 bankruptcy trustee for the estate of Sterling United, Inc., appeals from the affirmance of the bankruptcy court's dismissal of his claims that defendant First Niagara Bank's security interests in debtor's assets were avoidable under 11 U.S.C. § 547. On plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, we assess the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *See In re Lehman Bros. Holdings Inc.*, 761 F.3d 303, 308 (2d Cir. 2014). In applying these principles here, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

Under 11 U.S.C. § 547(b)(4)(A), a bankruptcy trustee may avoid any "transfer of an interest of the debtor in property . . . made . . . on or within 90 days before the date of the filing of the petition" for bankruptcy, provided that those interests are not perfected security interests. *See id.* § 547(c)(3). In New York, a financing statement perfects a security interest if it (a) states the name of the debtor and the name of the secured party or

2

a representative of the secured party, and (b) "indicates the collateral covered by the financing statement." N.Y. U.C.C. § 9-502. The collateral requirement may be satisfied by "an indication that the financing statement covers all assets or all personal property," *id.* § 9-504, which is the minimum necessary to "provide[] notice that a person may have a security interest in the collateral claimed," *id.* § 9-504 cmt. 2.

The trustee argues that First Niagara inadequately perfected its interests in debtor's assets under these provisions. He therefore maintains that, rather than dismiss his claim, the bankruptcy court should have awarded the estate the value of any property interests transferred to, or liquidation proceeds collected by, First Niagara within 90 days of the May 17, 2013 bankruptcy petition date. We do not agree.

The parties do not dispute the underlying facts. First Niagara loaned over one million dollars to the debtor and was granted a blanket security interest in all of debtor's assets. Between 2005 and 2007, First Niagara filed three financing statements, pursuant to N.Y. U.C.C. § 9-502, to perfect those interests. The collateral indication in the initial U.C.C. filings was as follows:

> *All assets* of the Debtor *including, but not limited to*, any and all equipment, fixtures, inventory, accounts, chattel paper, documents, instruments, investment property, general intangibles, letter-of-credit rights and deposit accounts now owned and hereafter acquired by Debtor *and located at or relating to the operation of the premises at 100 River Rock Drive, Suite 304, Buffalo, New York*, together with any products and proceeds thereof including, but not limited to, a certain Komori 628 P & L Ten Color Press and Heidelberg B20 Folder and Prism Print Management System.

App'x 132 (emphasis added). On October 19, 2012, the financial statements were amended to indicate the debtor's change of address to 6030 N. Bailey Avenue, Amherst, N.Y. 14226. *Id.* at 195. Those amendments, however, did not update the description of the collateral to reflect the debtor's changed address; that was done by amendment on February 19, 2013. The final collateral indication states as follows:

> All assets of the Debtor including, but not limited to, any and all equipment, fixtures, inventory, accounts, chattel paper, documents, instruments, investment property, general intangibles, letter-of-credit rights and deposit accounts now owned and hereafter acquired by Debtor, *including but not limited to those located at or used in connection with the business premises at 6030 N. Bailey Avenue, Amherst, NY 14226*, together with any products and proceeds thereof.

*Id.* at 140 (emphasis added).

The parties agree that the February 2013 collateral amendments, which were filed within 90 days of the bankruptcy petition, did not and could not have perfected First Niagara's security interests. The only dispute, therefore, is whether the *initial* collateral description was sufficient to perfect First Niagara's security interests, or whether, as the trustee argues, the indication was restricted to property located at 100 River Rock Drive, the initially stated address, and therefore a nullity with respect to debtor assets at the new address.

We conclude that the description is sufficient because it unambiguously refers to "[a]ll assets of the Debtor" irrespective of their location. The phrase "including, but not limited to" introduces a subset of, and does not function as a limitation on, "[a]ll" of the

4

debtor's assets. *See, e.g.*, *Bloate v. United States*, 559 U.S. 196, 208 (2010) (construing statutory phrase "including but not limited to" to introduce "list of categories" that was "illustrative rather than exhaustive"); *Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941) ("[T]he term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle."); *United States v. Huber*, 603 F.2d 387, 394 (2d Cir. 1979) ("[A] list beginning with the word 'includes' . . . is not exhaustive but merely illustrative."); *Pierre v. Providence Wash. Ins. Co.*, 99 N.Y.2d 222, 236, 754 N.Y.S.2d 179, 188 (2002) (describing phrase "includes, but is not limited to," as signifying "nonexclusive definition").

The trustee offers no reason for departing from this general principle of interpretation. Instead, he argues that the address modifies "[a]ll assets" or, at least, makes the collateral indication "seriously misleading" under N.Y. U.C.C. § 9-506. Neither argument persuades. The textual argument founders because the location restriction is the second half of a conjunctive phrase identifying assets included in but not exhaustive of those covered by the collateral specification. *See* App'x 132 ("All assets of the Debtor including, but not limited to, *any and all* [list of specific assets] . . . *now owned and hereafter acquired by Debtor and located at or relating to the operation of the premises at 100 River Rock Drive, Suite 304, Buffalo, New York*." (emphasis added)). The reading plaintiff urges—"All assets of the Debtor . . . *and* located at or relating to the operation of the premises . . . .," *id.* (emphasis added)—does not make sense.

5

Nor do the cases cited by the trustee support his argument that the specific location here makes the collateral indication "seriously misleading." N.Y. U.C.C. § 9-506. In none of those cases did the challenged collateral indication contain an explicit and unambiguously broad term ("all assets") paired with language disclaiming *any* limitation on the contents of that category ("including, but not limited to"). For example, the financing statement in *In re I.A. Durbin, Inc.*, 46 B.R. 595, 598 (Bankr. S.D. Fla. 1985), covered "[a]ll property rights of any kind whatsoever, whether real, personal, mixed or otherwise, and whether tangible or intangible, encumbered by the above-mentioned mortgage." The phrase "encumbered by the above-mentioned mortgage" plainly modified and limited "[a]ll property rights." *Id.* The same conclusion applies to *In re Freeman*, 33 B.R. 234, 234 (Bankr. C.D. Cal. 1983) ("*All furniture* and fixtures and inventory of the Gold Chain Supermarkets now or at any time *located or installed on the land or in the improvements at* 813 State Street, Santa Barbara, California." (emphasis added)). In sum, because the geographic reference in the initial collateral indication was merely illustrative and because the indication clearly reaches *all* assets of the debtor, we conclude, as the bankruptcy and district courts did, that the trustee's § 547 claim against First Niagara is properly dismissed.

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk of Court