# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

——————————

No. 07-2357

——————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court for the |
| | * | Eastern District of Missouri. |
| Taylor James Bloate, | * | |
| | * | |
| Defendant - Appellant. | * | |

——————————

Submitted: September 28, 2010
Filed:  September 09, 2011

——————————

Before RILEY, Chief Judge, BENTON, and GIBSON,[1] Circuit Judges.

——————————

BENTON, Circuit Judge.

The district court sentenced Taylor James Bloate to 360 months' imprisonment. He appealed, asserting a Speedy Trial Act violation and other trial and sentencing errors.  This court affirmed.  *See **United States v. Bloate***, 534 F.3d 893 (8th Cir. 2008) ("*Bloate I*").  The Supreme Court granted certiorari on the Speedy Trial issue, reversed, and remanded.  *See **Bloate v. United States***, 559 U.S. ___, ___, 130 S. Ct.

——————————

[1]The Honorable John R. Gibson retired from service on this court on January 26, 2011.  This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

1345, 1358 (2010). Concluding that the Speedy Trial Act was violated, this court now reverses.

I.

On August 24, 2006, Bloate was indicted. The initial order on pretrial motions set a September 13 deadline for filing either motions or a memorandum attesting there are no issues for pretrial motions. The order scheduled a September 20 hearing on any pretrial motions or on the waiver of motions.

On September 7, Bloate moved for additional time to file pretrial motions. The district court granted the motion that same day, extending the deadline from September 13 to September 25, ordering:

> [I]f the defendant chooses not to file any pretrial motions, counsel for the defendant shall file with the Court, not later than September 25 . . . , a memorandum attesting that there are no issues that the defendant wishes to raise by way of pretrial motion.

The same order scheduled an October 4 hearing "on any pretrial motions or a hearing on the waiver of motions." Bloate filed a "WAIVER OF PRETRIAL MOTIONS" on September 25, saying "Taylor Bloate . . . advises the Court there are no issues he wishes to raise by way of pretrial motions." On October 4, the district court conducted a hearing. Finding the waiver knowing and intelligent, the court "grant[ed] [Bloate] leave to waive [his] right to file motions."

The government filed motions in limine on February 23 and March 2, 2007. The court granted both motions after a hearing on March 5, the first day of trial.

Bloate appealed the district court's refusal to dismiss his indictment for a violation of the Speedy Trial Act, arguing that the court erroneously excluded certain

periods in counting the days from his indictment until his trial. This court disagreed and affirmed. ***Bloate I***, 534 F.3d at 897-900. The Supreme Court held that the time to prepare pretrial motions is not automatically excluded under 18 U.S.C. § 3161(h)(1), and reversed this court's automatic exclusion of the 28-day period from September 7 through October 4. ***Bloate***, 130 S. Ct. at 1358. On remand, this court ordered supplemental briefs on the periods (1) from September 25 through October 4, and (2) from February 23 through March 5.

## II.

The Speedy Trial Act requires that a defendant's trial begin within 70 days from the indictment or the defendant's initial appearance. *See* **18 U.S.C. § 3161(c)(1), (h)**. If not, the district court must, on the defendant's motion, dismiss the indictment. *See* **18 U.S.C. § 3162(a)(2)**. The Act automatically excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." **18 U.S.C. § 3161(h)(1)(D)**;[2] *see **United States v. Tinklenberg***, ___ U.S. ___, ___, 131 S. Ct. 2007, 2016 (2011) (holding that whether a pretrial motion actually caused or is expected to cause delay of trial is irrelevant to the Speedy Trial Act). This court reviews de novo the district court's legal conclusions, its findings of fact for clear error, and its ultimate determination for an abuse of discretion. *See **United States v. Lucas***, 499 F.3d 769, 782 (8th Cir. 2007) (en banc).

---

[2]After *Bloate I*, the Speedy Trial Act was amended. *See* **Pub L. No. 110-406, § 13, 122 Stat. 4291**. Previously codified at 18 U.S.C. § 3161(h)(1)(F), the pretrial motion exclusion provision is now codified at 18 U.S.C. § 3161(h)(1)(D). As no substantive changes were made to provisions relevant here, this court cites to the current version of the Act.

In this case, 48 non-excludable days are not disputed. *See Bloate I*, 534 F.3d at 897-98. The 17-day period from September 8[3] through September 24 is non-excludable pretrial-motion-preparation time, as the district court did not "grant[] a continuance for that purpose based on recorded findings 'that the ends of justice served by taking such action outweigh the best interest of the public and the defendant.'" *See Bloate*, 130 S. Ct. 1358, *quoting* **18 U.S.C. § 3161(h)(7)(A)**. If either period here – September 25 through October 4, or February 23 through March 5 – is non-excludable, the Speedy Trial Act was violated.

A.

The government filed motions in limine on February 23 and March 2. The district court granted both motions in a hearing on March 5, the first day of trial. The time while a motion in limine is pending is excludable under the Speedy Trial Act. *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003). The period between February 23 and March 5 is therefore excluded from the 70-day limit.

B.

In excluding the time from September 7 through October 4 for pretrial motion preparation, this court relied on the opening clause of § 3161(h)(1). *See Bloate I*, 534 F.3d at 897-98. In reversing, the Supreme Court did not consider "whether any other exclusion would apply to all or part of the 28-day period." *Bloate*, 130 S. Ct. at 1358.

---

[3]September 7 is excluded because that day Bloate moved to extend the pretrial-motion deadline, which the district court immediately granted. *See United States v. Moses*, 15 F.3d 774, 777 (8th Cir. 1994) ("both the date on which the motion was filed and the date on which the motion was decided" are excluded under subparagraph (D)).

The government argues that the period from September 25 through October 4 is excludable under § 3161(h)(1)(D) because Bloate's waiver was a "motion for leave to waive his right to file pretrial motions." Bloate first counters that the government waived this argument by not presenting it in the district court in response to his motion to dismiss. The defendant bears the burden of proof on a motion to dismiss under the Speedy Trial Act, "with the exception of the exclusion of time under 18 U.S.C. § 3161(h)(3) concerning the unavailability of the defendant or an essential witness." *United States v. Aldaco*, 477 F.3d 1008, 1017 (8th Cir. 2007), *citing* **18 U.S.C. § 3162(a)(2)**. Bloate's motion to dismiss does not mention the filing of his waiver of pretrial motions on September 25, or the hearing on October 4; Bloate took the position that the entire period of time from September 7 to November 8 was non-excludable time. The government's response argued that the entire period from September 7 through October 4 was excludable from the speedy trial clock. The government did not waive its argument that the subsidiary period from September 25 through October 4 was excludable time under the Speedy Trial Act.

Bloate next objects that the government failed to raise this argument in the first appeal. "The general rule is that, where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *United States v. Castellanos*, 608 F.3d 1010, 1019 (8th Cir. 2010), *quoting* **Kessler v. Nat'l Enterprises, Inc**., 203 F.3d 1058, 1059 (8th Cir. 2000) (additional quotation marks omitted). This prudential rule applies less rigidly against appellees, because doing so "would motivate appellees to raise every possible alternative ground and to file every conceivable protective cross-appeal, thereby needlessly increasing the scope and complexity of initial appeals." *Castellanos*, 608 F.3d at 1019. In his first appeal, Bloate argued that the district court erred in excluding the entire period from September 7 through October 4 "as no provision in the Speedy Trial Act allows for the exclusion of the time during which pretrial motions were *not filed*." (Original Appellant's Br. 13) (emphasis in original). The

government consistently argued that this entire period was excludable under § 3161(h)(1)(D).

Rather than raising a new issue on remand, the government is formulating a new argument in support of its position. *See Castellanos*, 608 F.3d at 1019 (distinguishing between raising a new issue on remand and making a new argument within the scope of a higher court's remand: "Although parties should present alternative arguments whenever sound strategy dictates, the government in this case was not required to anticipate every possible outcome on appeal and formulate a responsive argument for each alternative."); *see also United States v. Tobin*, 155 F.3d 636, 641 & n.5 (3d Cir. 1998) (rejecting argument that government waived a Speedy-Trial-Act exclusion because even if the government had not raised the issue, "our affirmance of the decision can be premised on any legitimate ground, even one not advanced below."). Implicit in an order directing a lower court to engage in further proceedings consistent with an opinion is the expectation that a lower court will consider argument from both parties as to issues within the scope of the remand. *Castellanos*, 608 F.3d at 1020; *see also Bloate*, 130 S. Ct. at 1358 (remanding to this court for further proceedings to consider the government's "argument" that the period from September 25 to October 4 is still excludable in light of the Court's opinion). The government has not waived its argument.

In a related argument, Bloate contends that this court's previous statement that "Bloate never filed a pretrial motion" is the law of the case, thus precluding the government's argument here that his waiver was the functional equivalent of a pretrial motion. *Bloate I*, 534 F.3d at 897. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). The doctrine applies only to actual decisions – not dicta – in prior stages of the case. *See United States v. Bates*, 614 F.3d 490, 494 (8th

Cir. 2010) (statement in prior decision was not the law of the case where the court "[was] not asked to nor did [it] consider" the question in its prior decision); ***United States v. Montoya***, 979 F.2d 136, 138 (8th Cir. 1992) (same).  In the first appeal, the parties assumed that no motion was filed, and this court accordingly held that pretrial motion preparation time is excludable under the opening clause of § 3161(h)(1).  *See* ***Bloate I***, 534 F.3d at 898.  The statement that Bloate never filed a pretrial motion is dicta, and not the law of the case.

Turning to the merits, the issue in this case is whether Bloate's waiver of pretrial motions is "any pretrial motion" under subparagraph (D). Subparagraph (D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  **18 U.S.C. § 3161(h)(1)(D)**.

The government's interpretation of Bloate's waiver – "a motion for leave to waive his right to file pretrial motions" – has several faults.  First, Bloate's "Waiver of Pretrial Motions" does not appear to be a motion.  It states that "there are no issues he wishes to raise by way of pretrial motions," and that he agrees, after discussion with his attorney, "not to raise any issues by way of pretrial motion."  *Cf.* ***United States v. Bonilla-Filomeno***, 579 F.3d 852, 856-57 (8th Cir. 2009) ("motion to set a specific trial date" is a pretrial motion); ***United States v. Rojo-Alvarez***, 944 F.2d 959, 966 (1st Cir. 1991) (holding that "when the court is presented with papers *styled* as a motion, whether it ultimately determines that the filing is a pretrial motion or an "other proceeding" under [current § 3161(h)(1)(H)],[4] the court is entitled to exclude at least the period of time during which it considers how to treat the filing.").

---

[4] § 3161(h)(1)(H) concerns motions that require no hearing, which may only be "under advisement" for 30 days of excludable time.  *See* ***Henderson v. United States***, 476 U.S. 321, 329 (1986)

Second, the district court treated the waiver as not being a motion. *See **United States v. Rush***, 738 F.2d 497, 506 (1st Cir. 1984) ("The district court did not treat the proffer as a pretrial motion for purposes of (h)(1)[(D)], and we see no reason to do so."). Under the district court's order on pretrial motions, Bloate had until September 25 to file "any pretrial motions" *or* "a memorandum attesting that there are no issues that the defendant wishes to raise by way of pretrial motion." The order also scheduled an October 4 hearing "on any pretrial motions or a hearing on the waiver of motions." At the October 4 hearing, the court swore Bloate in, confirmed he was waiving his right to file pretrial motions, informed him of the consequences of his waiver, and concluded, "[the] Court will grant you leave to waive your right to file motions." Even at the hearing, the district court continued to distinguish between "a memorandum" and "any pretrial motions." The court did not say it was granting a *motion*.

The government cites no authority that a defendant needs the permission of the court to waive the right to file pretrial motions under Rule 12 of the Federal Rules of Criminal Procedure, or that a court is required to find whether any waiver is knowing and voluntary. Criminal Rule 12(e) states: "A party waives any Rule 12(b)(3) ["Motions That Must Be Made Before Trial"] defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." *See **United States v. Frazier***, 280 F.3d 835, 845 (8th Cir. 2002) (noting that "the failure to raise [an issue that must be asserted in a pretrial motion ] in a timely pretrial motion results in 'waiver' of the matter"); *see also **United States v. Hohn***, 8 F.3d 1301, 1305 (8th Cir. 1993) (noting that "motions excludable under [subparagraph (D)] include *any pretrial motion* and are not limited to those motions enumerated" in Rule 12) (emphasis in original). However, this court has never characterized a pretrial-motion "waiver" as the intentional relinquishment or abandonment of a known right, rather than an inadvertent forfeiture. *See **United States v. Thompson***, 403 F.3d 533, 537 n.4 (8th Cir. 2005) (noting that the Eighth Circuit has not decided whether a "waiver" caused

-8-

by the failure to raise a suppression matter in a timely pretrial motion precludes plain error review), *citing* ***Frazier***, 280 F.3d at 845; *see also* 1A Charles A. Wright, et al., **Federal Practice and Procedure Crim. § 193** (4th ed. 2010 & Supp. 2011) (describing as "persuasive" the Seventh Circuit's view that "the word 'waiver' in Rule 12(e) does not carry the strict implication of an 'intentional relinquishment of a known right,'" and noting that the fact that the Rule allows a court for good cause to grant relief from the waiver "makes it sound more like what we would normally call forfeiture."), *quoting* ***United States v. Johnson***, 415 F.3d 728, 730 (7th Cir. 2005).


Third, "the term motion generally means '[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.'" ***Melendez v. United States***, 518 U.S. 120, 126 (1996), *quoting* **Black's Law Dictionary** 1013 (6th ed. 1990); *cf.* ***Hohn***, 8 F.3d at 1304 ("A motion is an application to the court for an order."). A party's submission – whether express or implied, formal or informal – can be considered a "motion" for Speedy Trial Act purposes if it contains a request for relief that requires court intervention. *See* ***United States v. Arbelaez***, 7 F.3d 344, 347-48 (3d Cir. 1993) (construing a letter from defense counsel sent to a judge's chambers requesting a continuance as "any pretrial motion" because it contained a request for relief that required court intervention and was treated by the parties as a motion); *see also* ***United States v. Williams***, 557 F.3d 943, 951 n.3 (8th Cir. 2009) (construing pro se briefs in support of an earlier pro se motion to dismiss for a Speedy Trial Act violation as pretrial motions), *citing* ***Arbelaez***, 7 F.3d at 345.


Bloate's waiver did not request leave to do anything, or in any way seek a ruling, determination, or other response from the court – either expressly or impliedly. *See* ***Rush***, 738 F.2d at 505–506 (finding that the filing of a memorandum and an offer of proof is not a "pretrial motion" within the meaning of § 3161(h)(1)(D):

"Instead, it is a submission of evidence which need not be admitted or excluded until trial."); *United States v. Richardson*, 421 F.3d 17, 28-29 (1st Cir. 2005) (noting that "'implied' requests for a new trial date" are pretrial motions for purposes of subparagraph (D)). The government's interpretation of Bloate's waiver has no limits, because it allows any filing with the court to be deemed an implied motion. *See United States v. Harris*, 491 F.3d 440, 443-44 (D.C. Cir. 2007) ("[T]he government's notice [of intent to use evidence] was not a motion, but [defendant's] response 'request[ing] that the Court preclude the admission of the above mentioned evidence at trial' was one, and it tolled the clock . . . from the date of its filing . . . ."); *Rush*, 738 F.2d at 505-06 ("If such submissions [a memorandum and offer of proof] were held to be pretrial motions . . . the Speedy Trial Act could easily be circumvented by filing offers of proof at an early stage and then failing to press for prompt disposition.").

The government's expansive interpretation of "pretrial motion" contradicts the Supreme Court's analysis of § 3161(h)(1)(D). In reversing, the Supreme Court cautioned against reading too much into the statute, "because Congress knew how to define the boundaries of an enumerated exclusion broadly when it so desired." *Bloate*, 130 S. Ct. at 1353; *see also id.* at 1354-55 (rejecting a reading of the statute that would "render even the clearest of the subparagraphs indeterminate and virtually superfluous."). In the Supreme Court's most recent interpretation of § 3161(h)(1)(D), it advised that subparagraph (D) is "best read" as measuring the time "actually consumed by *consideration* of the pretrial motion," an odd reading if the content of a "motion" has nothing for a court to consider. *Tinklenberg*, 131 S. Ct. at 2014 (emphasis added). This court rejects a definition of "motion" so broad that any *filing* can be deemed a *motion*. *Cf. Bloate*, 130 S. Ct. at 1354-55 (noting that a statute should be construed so that no word shall be "superfluous, void, or insignificant"), *quoting Duncan v. Walker*, 533 U.S. 167, 174 (2001).

In this case, the Supreme Court rejected expanding the "pretrial motion" exclusion beyond a reasonable reading of its text, favoring ends-of-justice findings for delays that do not fit squarely into the "pretrial motion" exclusion. *See Bloate*, 130 S. Ct. at 1357 ("Allowing district courts to exclude automatically such delays would redesign this statutory framework."). On remand, this court holds that the period from September 25 through October 4 was "*pretrial motion-related* delay . . . excludable only when accompanied by district court findings." *Bloate*, 130 S. Ct. at 1353 (emphasis added). As no such findings were made, this ten-day period is not excludable. A total of 75 non-excludable days elapsed from Bloate's indictment through the date his trial began. Due to this violation of the Speedy Trial Act, the district court erred in denying Bloate's motion to dismiss his indictment.

III.

Although the Act requires dismissal of the indictment, the district court may determine, under 18 U.S.C. § 3162(a)(1), whether the dismissal is with or without prejudice. *See United States v. Dezeler*, 81 F.3d 86, 89 (8th Cir. 1996).

The judgment is reversed, and the case remanded to the district court to dismiss the indictment and determine whether dismissal should be with or without prejudice.

_____