NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2014
Decided December 22, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1993

| | |
|---|---|
| STEPHEN L. ROGERS,<br>    *Petitioner-Appellant*,<br><br>    *v.*<br><br>UNITED STATES OF AMERICA,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 13 c 6992<br><br>Matthew F. Kennelly,<br>*Judge*. |

**O R D E R**

Stephen Rogers was convicted of knowingly transferring obscene matter to a minor, 18 U.S.C. § 1470; knowingly receiving child pornography, *id.* § 2252A(a)(2)(A); and enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, *id.* § 2251(a). After we affirmed his convictions under § 1470 and § 2251(a), *United States v. Rogers*, 474 F. App'x 463, 464–65 (7th Cir.), *cert. denied*, 133 S. Ct. 358 (2012), Rogers moved to vacate his § 2251(a) conviction, *see* 28 U.S.C. § 2255, contending that his appellate counsel rendered ineffective assistance by failing to challenge the sufficiency of the evidence underlying that count. The district court denied the motion, but certified for appeal Rogers's challenge to his counsel's performance concerning the sufficiency of the evidence.

Because we decided in Rogers's direct appeal that the evidence was sufficient to persuade a reasonable jury of his guilt and because he does not show that he was prejudiced by counsel's failure to explicitly raise this challenge, we affirm the judgment.

This case involves Rogers's online interactions with a fourteen-year-old girl named Andrea and an undercover law-enforcement officer posing as a thirteen-year-old girl named "Emily."[1] *See Rogers*, 474 F. App'x at 465–66. In 2005 Rogers began e-mailing and chatting online with Andrea; in June 2005 Andrea e-mailed him a photograph of her vagina and a photograph of her naked breasts. *See id.* at 465. The following year Rogers began conversing online with Emily; Rogers told Emily that he wanted to have sex with her and in June 2006 e-mailed her a picture of an erect penis protruding out of a pair of unzipped pants being held by a hand. *Id.* at 465–66.

Based on his exchanges with Emily, Rogers was charged with "knowingly persuad[ing], induc[ing], entic[ing], or coerc[ing] [a minor], to engage in prostitution or any sexual activity" ("Count 1"), 18 U.S.C. § 2422(b), and knowingly transferring obscene matter to a minor ("Count 2"), *id.* § 1470; *see Rogers*, 474 F. App'x at 466. Rogers's interactions with Andrea resulted in charges that he knowingly received child pornography ("Count 3"), 18 U.S.C. § 2252A(a)(2)(A), and enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct ("Count 4"), *id.* § 2251(a); *see Rogers*, 474 F. App'x at 465–66. Rogers moved to sever the counts pertaining to Emily from the counts relating to Andrea, but the district court denied the motion and permitted trial to proceed on all counts. *Rogers*, 474 F. App'x at 466–67.

At trial Andrea testified about her interactions with Rogers. She said that they met in a chatroom and that he used the screenname "Hotthockey27" and the email address "food773@yahoo.com." Andrea testified that after Rogers e-mailed her a request for pictures of herself and she e-mailed him pictures of her face, "Hotthockey started asking me for pictures of my breasts and my vagina." Andrea testified that she had not wanted to take nude photographs, but eventually acquiesced—taking photographs of her vagina and naked breasts and e-mailing them to Rogers—so that Hotthockey27 would stop "nagging" her to take them. The government introduced into evidence several of Andrea's e-mail exchanges with food773@yahoo.com—none of which contain a request for any "particular kind of picture"—but not her chats with Hotthockey27 because she had not saved those messages.

---

[1] We limit our discussion of the procedural history to the facts that are important to the present case. A more detailed account is found in our decisions in *Rogers*, 474 F. App'x 463 and *United States v. Rogers*, 587 F.3d 816 (7th Cir. 2009).

A government investigator also testified at trial. The investigator said that he had questioned Andrea about the nude photographs in an August 2007 interview, during which Andrea mentioned food773@yahoo.com but said that she did not know why she had taken the photographs. Only later, in an interview in January 2008, the investigator testified, did Andrea mention Hotthockey27. Andrea testified, however, that she had told government investigators about Hotthockey27 during the August 2007 interview.

A jury found Rogers guilty of Counts 2, 3, and 4 and not guilty of Count 1. *Rogers*, 474 F. App'x at 467. He filed a direct appeal challenging his convictions on Counts 3 and 4 (concerning Andrea), arguing that he was prejudiced by the district court's refusal to sever those counts from Counts 1 and 2 (concerning Emily). He noted that the government had not corroborated Andrea's testimony that he requested nude pictures. Thus, Rogers argued, the evidence supporting Counts 3 and 4 was so weak that the jury must have found him guilty of those counts based on evidence of his sexual conversations with Emily.

We rejected Rogers's challenge, ruling that Rogers had waived his motion to sever by failing to renew it at the close of evidence. *See Rogers*, 474 F. App'x at 471–72. "Assuming arguendo" that Rogers had not waived that motion, we concluded that he did not prove that he was prejudiced by the refusal to sever. *Id.* at 472–74. Although the record was "unclear" as to whether Rogers had "expressly asked" Andrea to send additional pictures of herself and "physical documentation . . . that he specifically requested nude pictures of her would have made her testimony all the more incriminating," we nevertheless concluded that "a reasonable jury could have been persuaded of his guilt by her testimony." *Id.* at 465, 472–74.

Rogers then brought a collateral attack under 28 U.S.C. § 2255, arguing that appellate counsel had provided ineffective assistance by failing to challenge the sufficiency of the evidence supporting his conviction on Count 4. The government, he asserted, did not present any evidence showing that he had enticed Andrea to *produce*— rather than simply *send*—nude photographs. *See* 18 U.S.C. § 2251(a); *United States v. Broxmeyer*, 616 F.3d 120, 125–27 (2d Cir. 2010). Furthermore, Rogers contended, "Andrea's testimony was so unclear, impeached, and unsatisfactory" that it was "insufficiently credible" to persuade a rational trier of fact of his guilt: None of his e-mails to Andrea corroborated her testimony that he had asked her for nude photographs, a government investigator contradicted Andrea's testimony that she had told investigators about Hotthockey27 in August 2007, and Andrea initially told an investigator that she did not know why she had taken the nude photographs. The government responded that Andrea's testimony was sufficient to support Rogers's § 2251(a) conviction and that this court had already concluded that in his direct appeal.

The district court denied Rogers's § 2255 motion. The court found that Andrea's testimony—that Hotthockey27 asked her to take nude photographs and she took the photographs at his behest—showed that Rogers had "urged her to produce, and not just send, sexually explicit photos of herself." Moreover, the court concluded, Andrea's testimony was not so improbable that no reasonable trier of fact could have credited it. Thus, the court determined, counsel was not ineffective for forgoing a challenge to the sufficiency of the evidence. Although the court denied relief, it granted Rogers a certificate of appealability.

On appeal Rogers maintains that appellate counsel was ineffective for neglecting to challenge the sufficiency of the evidence substantiating his § 2251(a) conviction. To succeed on a claim of ineffective assistance of counsel, Rogers must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 690, 694 (1984); *Mertz v. Williams*, 771 F.3d 1035, 1041 (7th Cir. 2014). At issue here is prejudice: whether appellate counsel should have challenged the sufficiency of the evidence because that claim had a "reasonable probability" of "alter[ing] the outcome" of Rogers's direct appeal. *See Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010) (quotation marks omitted). We will "overturn a conviction based on insufficient evidence only if the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Johnson*, 729 F.3d 710, 714 (7th Cir. 2013) (citation and quotation marks omitted).

Rogers asserts that the evidence was insufficient because, he says, Andrea never testified that he asked her to take nude photographs. As we already concluded in Rogers's direct appeal, however, Andrea's testimony was sufficient to convince a reasonable jury that Rogers violated 18 U.S.C. § 2251(a) by inducing her to take nude photographs of herself. *See Rogers*, 474 F. App'x at 474. Even if that conclusion is dicta and thus not binding as law of the case, *see Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998); *United States v. Bloate*, 655 F.3d 750, 755 (8th Cir. 2011); *but see O'Brien v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 593 F.2d 54, 59 n.6 (7th Cir. 1979) (explaining that "[a]n alternative ground for decision" is not dicta); *United States v. Sanchez*, 35 F.3d 673, 677–78 (2d Cir. 1994) (explaining that alternative holding constitutes law of the case), Rogers does not show that he was prejudiced by appellate counsel's failure to explicitly challenge the sufficiency of the evidence underlying Count 4. Contrary to Rogers's assertion, Andrea testified that Hotthockey27 asked her to take photographs of her breasts and vagina and that she took the photographs so that he would stop "nagging" her to take them. Thus, as the district court ruled, a rational jury could find that Rogers induced Andrea to *produce*, not just *send*, sexually explicit photographs of herself. *See* 18

U.S.C. § 2251(a); *United States v. Mayer*, 674 F.3d 942, 945–46 (8th Cir.), *cert. denied*, 133 S. Ct. 357 (2012); *Broxmeyer*, 616 F.3d at 125–27.

Rogers also maintains that the evidence was insufficient because we noted in his direct appeal that the record was "unclear" as to whether he had "expressly asked" Andrea to send additional pictures of herself. But even if the record is unclear, the jury was still allowed to believe Andrea's statement that Rogers asked her to take the nude photographs. The jury apparently credited that testimony, and we will not overturn a conviction based on a credibility determination unless the testimony was "incredible as a matter of law," meaning that it was "physically impossible for the witness to observe what he described, or . . . impossible under the laws of nature for those events to have occurred at all." *United States v. Farmer*, 717 F.3d 559, 562–63 (7th Cir. 2013) (citation and quotation marks omitted). Rogers does not meet this high burden. Even though the e-mails from food773@yahoo.com did not contain requests for nude photographs, a reasonable jury could have credited Andrea's testimony that she received messages from Hotthockey27 asking that she take nude photographs. Moreover, a reasonable jury could have credited her testimony even in light of the government investigator's testimony that Andrea initially told investigators that she did not know why she had taken the photographs. *See United States v. Rayl*, 270 F.3d 709, 713 (8th Cir. 2001) (upholding § 2251(a) conviction based on witness's trial testimony that "embellished" facts as compared to witness's statement to FBI).

AFFIRMED.