# United States Court of Appeals

## For the First Circuit

No. 05-2849

UNITED STATES OF AMERICA,

Appellee,

v.

ANDREW S. HOOD,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Torruella and Lynch, Circuit Judges,
and Woodcock, Jr.,* District Judge.

Chauncey B. Wood, with whom Shea, Larocque & Wood, LLP was on
brief, for appellant.
Timothy Q. Feeley, Assistant United States Attorney, with whom
Michael J. Sullivan, United States Attorney, was on brief, for
appellee.

November 17, 2006

---

* Of the District of Maine, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  On August 22, 2005, a jury found Andrew S. Hood ("Hood") guilty of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Hood challenges his conviction on the ground that his rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., were violated. After careful consideration, we affirm Hood's conviction.

## I.  Facts

In 2004, investigators from the United States Postal Service, armed with a search warrant, reviewed records of a credit card processor known to do business with a Russian child pornography distributor.  Hood's name appeared in the processor's records.  Postal investigators sent a letter to Hood soliciting an order for child pornography videotapes.  Hood responded by mailing an order form and a money order for $125 to the postal investigators.  When Hood arrived at the post office to collect his videotapes, he was detained by a postal investigator.  After being read his Miranda rights, Hood admitted ordering the videotapes and further admitted possessing additional child pornography on his computer.[1]  Hood was indicted by a grand jury on March 16, 2005. On March 21, Hood was arrested; the district court appointed Leslie Feldman-Rumpler ("Feldman-Rumpler") as Hood's attorney and the Government moved for pretrial detention.  Hood later obtained his

---

[1]  Apparently, Hood was not arrested at this time.

own counsel, Robert D. Lewin, who entered an appearance on April 11. On April 12, the court held a detention hearing for Hood. On April 13, Feldman-Rumpler, Hood's court-appointed attorney, filed a motion to withdraw as counsel. The court held another detention hearing on April 21, during which the court granted the Government's motion for pretrial detention, but did not set the conditions of the detention. On April 29, Hood and the Government attended an initial status conference. On May 4, the court granted Feldman-Rumpler's motion to withdraw and entered an "Order of Excludable Delay," stating that for purposes of the Speedy Trial Act, as of May 31, only "six non-excludable days" (April 22 - April 28) had passed since Hood's arrest.[2]

On May 10, the court held a release hearing, during which it determined conditions for Hood's release from jail. On June 15, Hood and the Government filed a "Final Status Conference Joint Memorandum" representing that there were no discovery issues known or anticipated, no schedule needed to be set, a plea was unlikely, and the trial would take no more than four days. The order also represented that there were no periods of excludable delay other than those mentioned in the May 4 order. The court held the final status conference on June 16, and entered a "Further Order of

---

[2] This time period actually encompasses seven days, counting both April 22 and April 28. However, as we later explain, this time period is excludable.

Excludable Delay," stating that as of June 16, twenty-one non-excludable days had passed since Hood's arrest.

On June 24, the court scheduled a status/pretrial conference for June 29. The court cancelled the conference on June 28. On July 12, the Government filed a motion for a new pretrial conference and to exclude time from June 29 until the new pretrial conference. On July 20, Hood agreed to the Government's proposed pretrial conference and filed his opposition to the motion to exclude time. On July 21, the court ordered a pretrial conference to be held on August 4.

On August 4, at the pretrial conference, Hood filed a "Motion to Dismiss the Indictment with Prejudice for Lack of a Speedy Trial." The Government filed two motions to exclude time from April 13 - May 4 and from July 12 - August 4. The court granted both of the Government's motions to exclude time and denied Hood's motion to dismiss. The court scheduled trial for August 22. Hood was tried and convicted of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

## II. Discussion

We review "the district court's denial of a motion to dismiss based upon the Speedy Trial Act de novo as to legal rulings and for clear error as to factual findings." United States v. Maxwell, 351 F.3d 35, 37 (1st Cir. 2003). The Speedy Trial Act

-4-

requires that a court grant a defendant's motion to dismiss for lack of a speedy trial if the defendant is not brought to trial within seventy non-excludable days.  18 U.S.C. §§ 3161, 3162(a)(2).

In reviewing a claim under the Speedy Trial Act, we must first calculate "the aggregate time elapsed awaiting trial." United States v. Barnes, 159 F.3d 4, 10 (1st Cir. 1998) (quoting United States v. Staula, 80 F.3d 596, 600 (1st Cir. 1996)) (internal quotation marks omitted).  The speedy trial clock begins ticking on the day a defendant first appears in court and stops the day the defendant files a motion to dismiss for lack of a speedy trial.  See Staula, 80 F.3d at 600.  Hood was arrested and first appeared in court on March 21; he filed his motion to dismiss on August 4.  We thus calculate that a total of 137 days elapsed between Hood's arrest and his motion to dismiss.

Next, we determine how many days should be excluded under the Speedy Trial Act.  Barnes, 159 F.3d at 10.  Time may be excluded under the Speedy Trial Act for, inter alia, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(F), and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," 18 U.S.C. § 3161(h)(1)(J).  Hood does not challenge the orders of exclusion entered on May 4 and

June 16, which provided for a total of sixty-six excludable days. Further, the day the motion to dismiss for lack of a speedy trial is filed is excludable as delay resulting from a pretrial motion. United States v. Rodríguez, 63 F.3d 1159, 1163-64 (1st Cir. 1995). Thus, we calculate sixty-seven days that are undisputedly excludable under the Speedy Trial Act.

Hood argues that the Government uses "pretext" for the additional exclusions of time that they seek. More specifically, he adds that two periods of time are evidence of pretext: (1) the Government's attempted expansion of seven days (associated with Feldman-Rumpler's motion to withdraw) beyond the court's original exclusion of time, when the Government had agreed earlier that the additional time was not excludable, and (2) the time resulting from the court's unexplained cancellation of the pretrial conference.

We have previously held that the Speedy Trial Act sets bright-line rules, and we will not distinguish between exclusions based on "significant or complex 'pretrial motions' and simple or routine motions." Barnes, 159 F.3d at 11. However, we have cautioned that "neither counsel nor district courts may employ measures for excluding time from the speedy trial clock that impermissibly frustrate the [Speedy Trial Act]'s purpose of protecting the shared interest of criminal defendants and the public in 'bringing criminal charges to the bar of justice as promptly as practicable.'" United States v. Richardson, 421 F.3d

-6-

17, 29 (1st Cir. 2005); see also United States v. Scott, 270 F.3d 30, 54-57 (1st Cir. 2001) (reversing on the basis of the district court's unauthorized late decisions on motions); Staula, 80 F.3d at 602 n.3 ("We will not permit either the district court or the prosecution to jerry-build a 'hearing' in order to thwart the concinnous operation of the Speedy Trial Act.").

The Government sought, and the court granted, exclusion for April 13 - May 4, during which Feldman-Rumpler's motion to withdraw was pending. Hood argues that this period should not be excluded because Feldman-Rumpler's motion to withdraw did not actually delay the proceedings in the case. Hood points out that his new attorney, Mr. Lewin, had already begun participating in the trial before Feldman-Rumpler offered her motion to withdraw, and thus no delay resulted.

We have stated that the pendency of a pretrial motion is excludable time regardless of its type or its actual effect on the trial. See Rodríguez, 63 F.3d at 1166 ("[I]t is clear in this Circuit as in others that the exclusions of § 3161(h)(1)(F) and (J) are 'automatic,' and do not depend upon any showing of actual delay."); see also United States v. Daychild, 357 F.3d 1082, 1095 (9th Cir. 2004) (excluding time during which a defense counsel's motion to withdraw was pending because "the language of the statutory exclusion for delay . . . is unqualified as to the type of motion"). Furthermore, we do not see any evidence that the

motion to withdraw was part of a Government attempt to frustrate the operation of the Speedy Trial Act; to the contrary, the motion was filed by Hood's own attorney.[3]  Thus, the district court did not err in excluding an additional seven days on account of Feldman-Rumpler's motion to withdraw.[4]

Accordingly, we add an additional seven excludable days to the sixty-seven undisputed excludable days, for a total of seventy-four excludable days.  Subtracting seventy-four excludable days from 137 total days, we find that there could have been no more than sixty-three non-excludable days prior to Hood's motion to dismiss.  Given that this falls well under the maximum of seventy non-excludable days permitted by the Speedy Trial Act, 18 U.S.C. § 3161, we find that the district court properly denied Hood's motion to dismiss for lack of a speedy trial.  Because of this calculation, we do not need to address the defendant's argument about the cancellation of the pretrial conference.  We wish, though, to discourage the cancellations of pretrial conference

---

[3]  Hood claims that the Government must be held to its representation about the amount of excludable time in the Final Status Conference Joint Memorandum.  However, at oral argument, Hood conceded that the Memorandum was a status report, not a binding stipulation.  The district court acted within its discretion in later concluding that additional time was properly excluded under the Speedy Trial Act.

[4]  On May 4, the court excluded the periods from April 13 - April 21 and from April 29 - May 4, neither of which has been challenged by Hood.  Thus, the district court only needed to exclude an additional seven days, from April 22 - April 28, to account for Feldman-Rumpler's pending motion to withdraw.

dates without setting new dates and without explanation. Such practices can create potential Speedy Trial Act problems, as this case illustrates.

### III. <u>Conclusion</u>

For the foregoing reasons, we affirm the district court.

**<u>Affirmed</u>**.