**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**United States**

v.

Case No. 20-mj-37-DL-1
Opinion No. 2020 DNH 101

**Inyemar Manuel Suazo**

**MEMORANDUM AND ORDER**

Inyemar Manuel Suazo was arrested on a criminal complaint on February 11, 2020, and the magistrate judge ordered that he should be detained pending indictment. Suazo filed a motion to revoke the detention order (Doc. No. 17) on April 10, 2020. Approximately a month later, he followed up with an emergency motion to dismiss the complaint (Doc. No. 23), arguing that the government violated his right to a speedy indictment under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 et seq., and the Fifth Amendment. For the reasons that follow, I deny Suazo's motion to dismiss. I will resolve his motion to revoke the detention order in a separate ruling.

## I. BACKGROUND

Suazo filed his motion to dismiss on May 8. He alleges that the court's standing orders postponing all grand jury proceedings in light of the COVID-19 pandemic violated his right to a speedy indictment under the STA and the Fifth Amendment.

See Def.'s Emergency Mot. to Dismiss & for Immediate Release from Detention ("Mot. to Dismiss"), Doc. No. 23 at 2 ¶ 4, 3 ¶ 8. The most recent of those standing orders has continued all grand jury proceedings until July 1. Order Clarifying STA Findings in Response to Exigent Circumstances by COVID-19, ADM-1, Order 20-19 (May 26, 2020) ("Order 20-19") (incorporating findings made in prior orders and extending prior deadlines to July 1); accord Court Operations under the Exigent Circumstances Created by COVID-19, ADM-1, Order 20-5 (Mar. 20, 2020) ("Order 20-5") at 3 ¶ 9 (making initial findings on the COVID-19 public health crisis, setting initial deadlines) (collectively "Standing Orders"). The Standing Orders have also tolled the STA's "[thirty]-day time period for filing an indictment or information . . . as to each defendant until the next date on which the grand jury convenes." Order 20-5 at 3 ¶ 9.

I held a hearing on the motion to dismiss on May 21, 2020. During the hearing, I explained my preliminary conclusion, outlined in greater detail below, that Suazo's right to a speedy indictment has not been violated for reasons that are unrelated to the Standing Orders. I then gave the parties an opportunity to provide additional briefing on the issue. The issue has now been fully briefed, and I am prepared to rule as follows.

II.  **ANALYSIS**

A.  **Speedy Trial Act**

The STA imposes time limits on criminal prosecutions "to make the Sixth Amendment right to a speedy trial more effective." See, e.g., United States v. Scott, 270 F.3d 30, 53 (1st Cir. 2001) (citing H.R. Rep. No. 96–390, at 2-3 (1979), as reprinted in 1979 U.S.C.C.A.N. 805, 807). Section 3161(b) specifically provides that an indictment must "be filed within thirty days from the date" of the accused's arrest. 18 U.S.C. § 3161(b). I refer to this thirty-day limit as the "indictment clock."

Section 3161(h) identifies "periods of delay [that] shall be excluded in computing the time within which . . . an indictment must be filed . . . . " § 3161(h).[1] Some delays are automatically excludable. See Bloate v. United States, 559 U.S. 196, 199 & n.1, 203, 130 S. Ct. 1345, 176 L. Ed. 2d 54 (2010) (dictum). In other words, "they may be excluded without district court findings." Id. at 203 (dictum).

_____

[1] The STA also requires that trial begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). I refer to this seventy-day limit as the "trial clock." The delays enumerated in Section 3161(h) apply in the same manner to both the indictment clock and the trial clock.

Automatically excludable delays include "[a]ny period of delay resulting from other proceedings concerning the defendant . . . ." § 3161(h)(1); accord Bloate, 559 U.S. at 203 (characterizing Section 3161(h)(1) as "automatically excludable" delays). Among the delays listed under Section 3161(h)(1) are "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," § 3161(h)(1)(H).

In addition to automatically excludable delays, the STA authorizes the exclusion of time that results from any

> continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

§ 3161(h)(7)(A). To exclude time under this provision, the court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id.

4

The STA provides for sanctions if the act's time limits are violated. For example, "[i]f, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by Section 3161(b) as extended by Section 3161(h)" of the STA, then the complaint must "be dismissed or otherwise dropped." Id. § 3162(a)(1).

**B. Suazo's Indictment Clock**

Suazo was arrested on February 11, 2020. Although a defendant's indictment clock ordinarily begins to run from the time of arrest, see id. § 3161(b), Suazo's clock did not begin to run until February 12 because the government filed a motion for detention as soon as Suazo was arrested and the magistrate judge resolved the motion later that day. See § 3161(h)(1)(D) (excluding time while pretrial motions are pending). The clock then continued to run until March 4 when Suazo filed a motion for release on conditions. See id. On March 5, the magistrate judge scheduled a hearing on Suazo's motion for March 12. After the hearing, she took the motion under advisement and ordered Suazo's continued detention on April 2. See § 3161(h)(1)(H). March 5 through April 2 were, therefore, automatically excluded as delays attributable to the filing and consideration by the

5

court of pretrial motions. See § 3161(h)(1)(D), (H). As of April 2, twenty-one days had run on the thirty-day indictment clock.

On April 2, the government filed an assented motion for protective order, which the magistrate judge granted on April 6. April 2 through 6 were excluded as delays attributable to pretrial motions. See § 3161(h)(1)(D). The indictment clock thus remained at twenty-one days.

The clock ran again for three days, from April 7 through 9. On April 10, Suazo filed a motion to revoke the detention order, which again paused the indictment clock. See id. As of April 10, twenty-four days had accrued on the thirty-day indictment clock. Suazo's motion to revoke has not been ruled on, and so the clock remains paused with six days remaining.

## C.   Suazo's Motion to Dismiss

Suazo bases his motion to dismiss on Section 3162(a)(1) of the STA.[2] He argues that his rights under the STA have been violated because the court's Standing Orders have excluded time under Section 3161(h)(7)(A) without making on-the-record findings particularized to his case. Doc. No. 23 at 2—4.

---

[2] Suazo also argues that his ongoing, pre-indictment detention violates the bail and grand jury clauses of the Fifth Amendment. I reject his argument to the extent that it is based on the Fifth Amendment's grand jury clause because he has not presented a developed argument invoking the grand jury clause. I will address his bail arguments in a separate order.

As I first explained during the hearing on Suazo's motion to dismiss, I do not need to address his challenge to the Standing Orders because his indictment clock has not yet run for reasons that are unrelated to those orders. Suazo challenges this conclusion by arguing that my analysis is flawed because I improperly excluded the twenty-nine days it took the magistrate judge to resolve his bail motion.[3] His principal argument is that time expended on that motion is not excludable because the filing and resolution of the motion did not actually delay his indictment. In the alternative, he argues that time when the magistrate judge had the motion under advisement cannot be excluded because she did not resolve the motion promptly as is required by Section 3161(h)(1)(D). Neither argument has merit.

Suazo's first argument fails because the plain language of Section 3161(h) leaves no doubt that delays resulting from the

---

[3] Suazo refers in his memorandum to "the time period during which the government's motion to detain [him] was under advisement," Def.'s Post-Hr'g, Suppl. Mem. in Supp. of Mot. to Dismiss, Doc. No. 26 at 1, and later discusses the court having taken nearly a month to resolve the motion after the hearing, Doc. No. 26 at 3. Because Suazo initially stipulated to detention and waived his right to a detention hearing, the magistrate judge held that the government's motion for detention was moot on the same day it was filed. Suazo, therefore, cannot be referring to this motion as the source of any delay. Instead, Suazo seems to be referring to the time that elapsed from his filing a motion for release on conditions to the issuance of an order on that motion after the magistrate judge held a detention hearing. I construe his memorandum to refer to his motion and not the government's initial, moot motion for detention.

7

litigation and resolution of a pretrial motion operate automatically without regard to whether the motion actually delays an indictment or trial. We know that this is so because Section 3161(h) identifies eight different categories of excludable time but requires a judicial finding to support an excludable time determination only when a judge grants a motion to continue pursuant to Section 3161(h)(7) or when a judge orders a period of delay on application of a party under Section 3161(h)(8). Delays resulting from the litigation and resolution of pretrial motions pursuant to either Section 3161(h)(1)(D) or 3161(h)(1)(H), like all types of excludable time described in Section 3161(h)(1), operate automatically and do not require any finding to justify the exclusion. Given the structure of Section 3161(h), it simply makes no sense to conclude that delay resulting from a pending motion cannot be excluded unless it actually delays an indictment or a trial.

Suazo does not engage directly with the text of Section 3161(h). Instead, he relies on a 2005 decision from the Northern District of Texas for the proposition that time cannot be excluded while a pretrial motion is pending unless the motion actually delays a defendant's indictment or trial. United States v. Cuong Huy Pham, 368 F. Supp. 2d 583, 586 (N.D. Tex. 2005). I decline to follow this decision, however, because it is contrary to controlling First Circuit precedent, which recognizes that

8

exclusions of the type at issue here operate automatically without regard to whether they are a source of actual delay. See United States v. Hood, 469 F.3d 7, 10 (1st Cir. 2006); United States v. Rodriguez, 63 F.3d 1159, 1166 (1st Cir. 1995); see also Bloate, 559 U.S. 196 (stating in dictum that time exclusions authorized pursuant to Section 3161(h)(1) are automatic and do not require a judicial finding).[4] Accordingly, I am unpersuaded by Suazo's claim that time incurred in resolving his bail motion is not excludable simply because it did not actually delay his indictment.

Suazo's second argument fairs no better because it, too, is based on a misreading of Section 3161(h). Suazo argues that the twenty-two days it took the magistrate judge to resolve his bail motion cannot be excluded because she did not resolve the motion promptly as Section 3161(h)(1)(D) requires. This argument is a nonstarter because it fails to take account of the fact that the prompt disposition requirement does not apply to cases such as this one in which a judge holds a hearing on a motion and then takes the motion under advisement. In such cases, the time from the filing of a motion until the conclusion of the hearing on

---

[4] To the extent that Suazo might argue that these cases are not controlling because the STA has different time exclusion rules for speedy indictment and speedy trial purposes, his argument fails because Section 3161(h) specifies that the same exclusion rules apply to both types of calculations.

the motion is excludable pursuant to Section 3161(h)(1)(D). When a judge takes a motion under advisement following a hearing, the additional time it takes the judge to resolve the motion, up to an additional thirty days, is excluded pursuant to Section 3161(h)(1)(H). See Rodriguez, 63 F.3d at 1163 (construing identical statutory language in an earlier version of the STA); see also United States v. Green, No. 14-CR-6038 EAW, 2018 WL 1136928, at *11 (W.D.N.Y. Mar. 2, 2018) (construing the current version of STA), appeal docketed, No. 19-1027 (2d Cir. Apr. 17, 2019). The prompt disposition requirement of Section 3161(h)(1)(d) plays no role when the court holds a hearing on a motion and then takes the motion under advisement.

Here, the magistrate judge held a hearing on Suazo's bail motion seven days after it was filed. She then had the motion under advisement for twenty-two days before she issued her decision. The first seven days after the motion was filed were properly excluded pursuant to Section 3161(h)(1)(D) and the remaining twenty-two days were properly excluded pursuant to Section 3161(h)(1)(H). Accordingly, the time from the day the motion was filed until it was decided was properly excluded.

10

### III. <u>CONCLUSION</u>

For the foregoing reasons, I deny Suazo's emergency motion to dismiss and for immediate release from detention (Doc. No. 23).

Suazo will have six days remaining on his indictment clock when I resolve his remaining motions. If the government determines that it will be unable to obtain an indictment before the indictment clock has run, it shall file a motion to continue the time for indictment pursuant to Section 3161(h)(7). I will evaluate any such motion <u>de novo</u>.

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

June 12, 2020

cc:  Johnathan Nathans, Esq.
     Michael Conley, Esq.
     Edward S. MacColl, Esq.
     U.S. Marshal
     U.S. Probation

11